# Guarreno *v.* The State.

*Selling Liquor Without License.*

(Decided Dec. 17, 1908. 48 South. 65.)

1. *Intoxicating Liquors; Indictment.*—An indictment for selling liquor without license, in Code form, is good against demurrer.

2. *Appeal; Demurrer; Curing Error.*—Where a witness by his answer fixed the time, it cured the objection to the question that no time was specified therein.

3. *Election; Several Offenses.*—Where several offenses of the same class are included in as many counts in one indictment, the doctrine of election does not apply, and the state may prove all the offenses charged.

4. *Appeal and Error; Curing Error.*—Where witness was permitted to testify to substantially the same matter, any error in sustaining objection to a question calling for such matter, is cured.

5. *Evidence; Judlicial Knowledge; Boundaries of Incorporated Towns.*—The courts judicially know whether a certain place is within the corporate limits of a city.

6. *Trial; Abstract Instruction.*—An instruction as to matters as to which there is no evidence, is abstract and properly refused.

Appeal from Bessemer City Court.

Heard before Hon. William Jackson.

Jasper Guarreno was convicted of retailing without license, and appeals. Affirmed.

The indictment was as follows: (1) Jasper Guarreno sold spirituous, vinous, or malt liquors without a license and contrary to law. (2) Jasper Guarreno did sell, give away, or otherwise dispose of spirituous, vinous, or malt liquors without a license and contrary to law. (3) Jasper Guarreno did unlawfully sell, give away, or otherwise dispose of spirituous, vinous, or malt liquors, intoxicating bitters, or cordials, or fruits preserved· in alcoholic liquor, in Jefferson county Ala. not in an incorporated town or city having police regulation both day and by night. (Formal parts omitted.)

2 R

[Guarreno v. The State.]

Demurrers were assigned to the first count: "(1) The place where sold is not alleged, as required when charging a violation of a local prohibition law. (2) Because it charges a violation of the revenue law, and not the prohibition law within a prohibited locality. (3) Because it does not allege that the sale was not within the exceptions provided by the local law. (4) Because it does not appear whether the defendant is charged with a violation of the general revenue law or of a special prohibitory law." To the second count, the same grounds as assigned to the first count, with the additional ground that it contains three alternative or disjunctive averments: "Sell, give away, or otherwise dispose of," and to give away or otherwise dispose of charges no criminal offense known to the law or violative of the special statutes of Jefferson county.

The solicitor asked Marbut, "Did you get any beer, ale, etc., from Jasper Guarreno?" Objection was interposed, because it fixed no time, and the witness answered that shortly before the finding of the indictment he bought beer, etc., from defendant. Dennis was offered as a witness, and testified that he procured beer, etc., at a different time from that testified to by Marbut. Dr. Schulhofer offered to testify concerning the ingredients of certain drinks sold to Eidge, and an objection was sustained to the question; but the court offered to permit witness to testify what ingredients the hop ale was made of that he sold Eidge, and state whether or not, in his opinion, the ingredients composing the hop ale would produce intoxication.

T. T. HUEY, for appellant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.

[Guarreno v. The State.]

DENSON, J.—The demurrer to the indictment was properly overruled.—*Guarreno's Case,* 148 Ala. 637, 42 South. 833.

If the objection to the question propounded to witness Marbut, was meritorious when made, his testimony to the effect that the purchase of liquor made by him of the defendant "was shortly before the finding of the indictment" overcame the point of the objection.

The indictment contains three counts, and charges two or more misdemeanors. The prosecution was entitled to introduce evidence to establish the offense alleged in each count. Therefore no ground for the doctrine of election of offenses was presented, and the court did not err in overruling the objection interposed to the testimony of Dennis.—*Untreinor's Case,* 146 Ala. 133, 41 South. 170.

If the court erred in sustaining the objection to the question propounded to the witness Dr. Schulhofer, the error was cured by the court's subsequently offering to allow defendant to prove by that witness what ingredients composed the "hop ale," and to allow the witness to then testify whether or not, in his opinion, the ingredients composing the ale would produce intoxication. Moreover, this witness had testified substantially that the ale sold by defendant was neither spirituous nor vinous liquor, and that it did not contain malt.

The court orally charged the jury "that as matter of law, at the time of finding the indictment in this case, Twelfth avenue and Nineteenth street, Bessemer, was not in an incorporated town having police regulations." An exception, reserved by the defendant, presents this charge for review. The point of this charge is that the court was judicially cognizant of the fact that the place at which the evidence tended to show the sale of the liquor was made was not within the corporate limits of

the city of Bessemer. Courts are charged with judicial knowledge of the boundaries of incorporated town and cities, and the proposition asserted in the charge is within this principle. Therefore no error was involved in the giving of the charge.

The general affirmative charge, as well as the general charge in respect to count 3 of the indictment, invaded the province of the jury, and both were well refused.

The record contains no evidence that the sale was made in an incorporated town or city. Therefore charge 4, in defendant's series, was abstract, for which reason it was properly refused.

No error appearing in the record, the judgment of conviction is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON, ANDERSON, and McCLELLAN, JJ., concur.