# Burt *v.* The State.

*Using Abusive Language, and Violating the Anti-Boycott Law.*

(Decided Feb. 4, 1909. 48 South. 851.)

1. *Indictment and Information; Misjoinder of Offenses; Demurrer.* —Demurrer is not the proper method for taking objection for a misjoinder of offenses which are misdemeanors, as misdemeanors not belonging to the same family of crime may be joined in an indictment; however, the rule is different as to felony.

2. *Criminal Law; Double Conviction for Single Act Violating Too Statutes.*—There can be but one conviction for a single act although it may violate two penal statutes, so that an indictment charging both a violation of the abusive language statute and of the use of threats against the anti-boycott act, both growing out of a single act, will not support a verdict that finds the defendant guilty as charged in the indictment, and further finds the defendant $133, etc., since under such verdict, the fine must be referred to both offenses; the proper practice in such a case, is to instruct the jury that if convinced of defendant's guilt of one or both of the offenses the verdict should be guilty of only one of the offenses.

3. *Indictment and Information; Election.*—Although the counts of an indictment may charge and the proof may show the violation of two or more misdemeanor statutes, yet if the violation was caused by a single criminal act no occasion for an election by the state is

presented, since the purpose of an election is the protéction of the defendant from prosecution for two or more like offenses under one count.

4. *Same; Sufficency; Language of Statute.*—An indictment which follows the language of Acts 1903, p. 282, sec. 4, with the words, "at any place, he or she sees fit" omitted it is a sufficient indictment under such Act, since the words, omitted are mere surplusage.

5. *Conspiracy; Boycott; Occupation.*—To authorize a conviction under the anti-boycott law, Acts 1903, p. 282, it is neecssary to show that the person against whom the act or conduct complained of were directed was engaged in a lawful occupation or intended to engage in such an occupation, and that the acts and conduct complained of had reference to the prevention of such an engagement or the pursuit of such an occupation.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Lawrence Burt was convicted under an indictment charging the use of insulting, etc., language in the presence of females, and violation of the anti-boycott act (Laws 1903, p. 281), and appeals. Reversed and remanded.

The first count in the indictment charges the use of insulting, etc., language in the presence of females. The other counts are as follows (omitting the formal charging part) : (2) Lawrence Burt used threats to prevent Lilly LeBeau from engaging in a lawful occupation. (3) Lawrence Burt used threats to prevent Lilly Le Beau from engaging in the lawful occupation of teaching pupils to use the keyboard of a linotype machine. (4) Lawrence Burt used threats to prevent Lilly Le Beau from engaging in the lawfull occupation of teaching pupils to use the keyboard of the linotype machine— said threats consisting and stating that he or the Typographical Union would boycott her; that he would see that everybody that belonged to any union would work against her, and that they would ruin her business inside of a month; that the union was strong, and would crush her, no matter what town or city she should move to; that they would follow her and keep her down.

Demurrers were interposed: (1) Because there was a misjoinder of offenses in the indictment, the demurrers specifying the offenses therein charged. (2) Because said count does not state in what said alleged threats consisted. It does not state the nature of the lawful occupation mentioned. It does not allege that said Lilly Le Beau was prevented from engaging in a lawful occupation by reason or virtue of said alleged threats. Said count does not allege that said Lilly Le Beau saw fit to engage in any lawful occupation at any place. It does not allege at what place said Lilly Le Beau saw fit to engage in a lawful occupation. Because section 4 of the act of Legislature of Alabama, approved September 26, 1903 (Gen. Acts 1903, p. 282) is unconstitutional, in that the subject of section 4 in said act is not clearly expressed in the title, and count 2 of the indictment is drawn under said section. The same is unconstitutional in that it contains more than one subject. The same demurrers were interposed to count 3. Demurrers to count 4 were interposed as follows: The said count is ambiguous, in that it does not allege with certainty whether said alleged threats consisted in stating that he, the defendant, would boycott her, or whether the Typographical Union would boycott her. It is not alleged that the defendant made the statement or statements set forth in said count. Because the statement or statements set forth in count 4 do not constitute a threat or threats, within the meaning of section 4 of said act—together with the other grounds of demurrer interposed to the other counts.

BOYLES & KOHN, for appellant. The court below erred in overruling defendant's demurrer to the whole indictment.—*Norvelle v. The State,* 50 Ala. 174; *Quinn v. The State,* 49 Ala. 353; *Wooster v. The State,* 55 Ala.

217; *Swanson v. The State,* 120 Ala. 376. The demur-
rer to the 2nd count of the indictment should have been
sustained.—Section 7136, Code 1907; *Eubanks v. The
State,* 17 Ala. 181; *Beasley v. The State,* 18 Ala. 540;
*Pettibone v. The State,* 19 Ala. 586; *Skains et al. v. The
State,* 21 Ala. 218; *Henry v. The State,* 33 Ala. 406;
*Bryan v. The State,* 47 Ala. 87; *Anderson v. The State,*
48 Ala. 665; *Harris v. The State,* 50 Ala. 127; *Davis v.
The State,* 68 Ala. 58; *Smith v. The State,* 63 Ala. 55;
*Merritt v. The State,* 59 Ala. 46; *McCord v. The State,*
79 Ala 269; *Blackman v. The State,* 98 Ala. 77. The
contents of section 4 of the Act of 1903, p. 281 is not
clearly expressed in the title of said Act.—*State v.
Davis,* 130 Ala. 148; *Watson v. The State,* 140 Ala. 134.
On these same authorities the court erred in overruling
the other demurrers interposed. Section 4 of the Act is
certainly a change from the original purpose of the Act.
—*Fourment v. The State,* 46 South. 267; *Stein v. Leep-
er,* 78 Ala. 519.

ALEXANDER M. GARBER, Attorney General, and THOM-
AS W. MARTIN, Assistant Attorney General, for the
State. The court properly overruled the demurrers rais-
ing the question of a misjoinder of offenses.—*Wooster
v. The State,* 55 Ala. 217; *Upsher v. The State,* 100 Ala.
2; *Simpson v. The State,* 107 Ala. 76; *Brown v. The
State,* 120 Ala. 376; *Untreinor v. The State,* 146 Ala.
133. Section 4 is within the title of the Act.—*Ballan-
tyne v. Wickersham,* 75 Ala. 533; *National Assn. v.
Montgomery,* 108 Ala. 336. The court properly refused
to permit the defendant to interogate the juror Holli-
field.—*Bayles v. The State,* 63 Ala. 30. There was no
occasion for an election by the state.—*Untreinor v. The
State, supra.* Charges 1, 2, and 4 were properly refus-
ed.—*Benson v. The State,* 68 Ala. 513; *Jackson v. The
State,* 137 Ala. 80.

McCLELLAN, J.—in *Wooster v. State,* 55 Ala. 217, it was ruled that objection for misjoinder of offenses constituting misdemeanors could not be taken by demurrer. In felonies, an essential element, among others, to justify joinder in different counts, is that the offenses belong to the same family of crimes. That rule does not prevail with respect to misdemeanors.—*Wooster's Case, supra.*

The indictment contained one count charging the use of abusive, etc., language in the presence of a female (Code 1896, § 4306), and three counts purporting to charge a violation of what is commonly called the "Anti-Boycott Act," in that the defendant interfered by threats with the occupation of Miss Le Beau. From the bill it appears that the testimony for the state tended to show that the defendant, in threatening Miss Le Beau with the hostility of labor unions and the destructiion of her business or occupation, wherever she was, if she taught persons the art of operating Mergenthaler linotype machines, used language forbidden by the statute. The principle has been long settled in this state that for a single act, though it violates one or more penal statute, there can be but one conviction of the offender. —*Hurst v. State,* 86 Ala. 604, 6 South. 120, 11 Am. St. Rep. 79; *Walkley v State,* 133 Ala. 183, 31 South. 854; *Jackson v. State,* 136 Ala. 96, 33 South. 888; *Gunter v. State,* 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17; *O'Brien v. State,* 91 Ala. 23, 8 South. 559. *Untreinor v. State,* 146 Ala. 133, 41 South. 170, and *Schrutchings v. State,* 151 Ala. 1, 43 South. 962, are not in conflict with the principle stated, since the effect of a single act was not involved therein, nor considered. We interpret the testimony, if credited with disfavor to the defendant, who denies its truth, as making a case within the principle above stated.

The judgment adjudges the guilt of the defendant of both a violation of the abusive, etc., language statute and the "anti-boycott act" in the respect indicated, and this consequent upon the finding of the jury that the defendant was "guilty as charged in the indictment, and further find the defendant to be fined $137." As clearly appears, the verdict is referred by the jury to both charges; and the amount of the fine assessed must be likewise referred to the conclusion of guilt under both charges. It results, on this phase of the case, that the judgment is erroneous, and a reversal must be entered.

In such cases as this the jury should be instructed, if they are convinced to the requisite degree of the defendant's guilt of one or more of the offenses resulting from the single act of the defendant, to mold their verdict so as to declare their conclusion of his guilt of one of the offenses with which he is charged. In such cases, if this be not done, and a general verdict of guilty as charged in the indictment is rendered, necessarily a defendant, the judgment following the verdict, would suffer two punishments for one single criminal act.

But the right to require an election by the state, in cases where, as here, the single act may have violated two or more statutes, does not exist, for the reason that the purpose to be conserved by an election for which offense the state will seek a conviction is to protect the defendant from his prosecution for two or more like offenses (misdemeanors) under one count of an indictment. Where the criminal act is single, and the counts of the indictment charge the violation of two or more statutes by that single act, or where the proof discovers that condition, the office of election is not present.— *Scrutchings v. State,* 151 Ala. 1, 43 South. 962.

Since a reversal results, we pretermit decision of the questions raised as to the constitutionality of the "anti-

boycott law." However, for the purpose of another trial, we will pass upon the sufficiency of counts 2, 3, and 4 as against the demurrers to them on that score only. The second count is, in our opinion, sufficient. That count follows the language of section 4 of the "anti-boycott act" (Gen. Acts 1903, p. 282), except it omits the words "at any place he or she sees fit." The demurrer takes this point. We think the quoted words are pure surplusage, since the offense is fully described by the language employed in the section preceding the quoted words, and the quoted words neither expand nor contract the description anteceding them. We apprehend, however, that as a matter of proof, in order to justify a conviction under this section, some evidence of a legal character must be adduced tending to establish that the party against whom the "force, threats or other means of intimidation" were directed, to prevent such person from engaging in any lawful occupation, was either engaged in a lawful occupation or purposed to enter thereupon. If one threatened, etc., as the section defines, was not then engaged in a lawful occupation, and purposed no engagement in an occupation of any kind, the intent of this section, consistent as it is with the general intent of the whole act, would not be met, because the section undoubtedly contemplates only the protection of a person in the pursuit of any lawful occupation, whether already actually entered upon or not, and does not contemplate the creation of an offense by the mere act or conduct embraced in the "force, threats or other means of intimidation" described in the section. The elements must, of course, be present in the premises to constitute the offense; but the additional elements must be also present, viz.: First, that the person against whom the acts or conduct are directed must be engaged in a lawful occupation, or purpose such an

engagement, though not actually entered upon; and, second, the acts or conduct employed against such a person must have reference to the prevention of such an engagement or pursuit of a lawful occupation.

From these considerations it results that counts 2, 3, and 4 are not subject to the grounds of demurrer attacking them for insufficiency.

The judgment is reversed, and the cause is remanded.

TYSON, C. J., and SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.