# Boatner *v.* The State.

*Carrying Concealed Weapon, and Public Drunkenness.*

(Decided June 19, 1913.  63 South. 33.)

1. *Indictment and Information; Joinder of Offenses.*—Different misdemeanors charged in separate counts may be joined in one indictment, although they do not belong to the same family of crime.

2. *Criminal Law; Two Offenses; Evidence of Separate Acts.*—Where there was evidence of separate acts constituting the two offenses, a conviction of a defendant for carrying a concealed pistol, and for public drunkenness is not to be regarded as a conviction for two offenses for one act.

APPEAL from Tuscaloosa Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Lester Boatner was convicted of carrying a concealed pistol, and of public drunkenness, and he appeals. Affirmed.

BROWN & WARD, for appellant. All the exceptions raise the same question, and that is whether defendant can be indicted, tried and convicted of two separate and distinct and non-kindred misdemeanors charged in separate counts of the same indictment.—*James v. State,* 104 Ala. 20; *Neville v. State,* 133 Ala. 99. If the offenses are of the same class this may be justified if the punishment is similar.—*Guarreno v. State,* 157 Ala. 17; 20 Cyc. 401. The cases of *Bass v. State,* 63 Ala. 108; *Wooster v. State,* 55 Ala. 217, and *Williams v. State,* 77 Ala. 33, are conclusive of the contention that defendant was improperly tried and convicted in this case.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Under the common law the offenses could be joined.—22 Cyc. 401, and this rule is followed in this state.—*Convey v. State,* 4 Port. 186; *Swanson v. State,* 120 Ala. 376; *Untreinor v. State,* 146 Ala. 133; *Jackson's Case,* 136 Ala. 96; *Scrutchings' Case,* 151 Ala. 1; *Gunter's Case,* 111 Ala. 23; *Cheek's Case,* 38 Ala. 231; *Gordon's Case,* 71 Ala. 315; *Hall's Case,* 134 Ala. 90. The case of *Burt v. State,* 159 Ala. 134, and *Allison v. State,* 1 Ala. App. 206, are not applicable.

WALKER, P. J.—The indictment in this case contained three counts, which, respectively, charged the defendant with carrying a pistol concealed about his person, with carrying a pistol about his person on premises not his own or under his control, and with public drunkenness. By demurrer to the indictment, by motion to require the prosecution to elect, and by exceptions to the action of the court in giving and refusing instructions to the jury, the defendant raised the questions of the right of the state to join in one indictment the sep-

arate offenses alleged, and, on the trial under such in-
dictment, to secure the conviction of the defendant of
separate and distinct offenses.  On a verdict finding the
defendant guilty of carrying a pistol concealed about his
person, as charged in the first count of the indictment,
and assessing a fine of $50 for that offense, and finding
him guilty of public drunkenness, as charged in the third
count of the indictment, and assessing a fine of $5 for
that offense, the court adjudged the defendant guilty
of the two offenses, and assessed against him a fine of
$55.

It is settled in this state that in one indictment
charges, in separate counts, of different misdemeanors,
though not belonging to the same family of crimes, may
be joined.—*Burt v. State,* 159 Ala. 134, 48 South. 851;
*Crittenden v. State,* 134 Ala. 145, 32 South. 273; *Swan-
son v. State,* 120 Ala. 376, 25 South. 213; *Wooster v.
State,* 55 Ala. 217.  It follows that there was no error
in overruling the demurrer to the indictment.

When this case was first considered by the court, the
opinion was entertained that the judgment appealed
from was to be regarded as a conviction of the defend-
ant of more than one offense for the commission of a
single act, and that, under the rule applied in the case
of *Burt v. State,* 159 Ala. 134, 48 South. 851, it was
not sustainable.  Upon a reconsideration of the evidence
set out in the bill of exceptions, the conclusion has been
reached that the verdict, in so far as it found the de-
fendant guilty of carrying a pistol concealed about his
person, may be referred to the evidence, which had a
tendency to prove that he did so just prior to his being
guilty of the conduct which rendered him subject to
the charge made in the third count of the indictment,
upon which he was also found guilty.  This being true,
the record cannot be regarded as disclosing the fact that

the convictions of the separate offenses charged in the first and third counts of the indictment were based upon a single act, which constituted a violation of more than one penal statute. There having been evidence of separate and distinct acts or conduct constituting the offenses of which the defendant was found guilty, the verdict rendered furnished a sufficient support for the judgment appealed from.—*Guarreno v. State,* 157 Ala. 17, 48 South. 65; *Scrutchings v. State,* 151 Ala. 1, 43 South. 962; *Gunter v. State,* 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17.

No error is found in the record.

Affirmed.

