174 So. 309

## LEE v. DIAMOND.

### 1 Div. 935.

Supreme Court of Alabama.

May 13, 1937.

KNIGHT, Justice.

Tort action brought by appellee plaintiff, against the appellant and one C. M. Farrell, the latter doing business as Ten Cent Dime Taxi Service, to recover damages for alleged personal injuries.

The complaint, as originally filed, consisted of four counts, two charging simple negligence, and the other two charging a wanton wrong.

In each of the counts, the negligent or wrongful act, resulting in the injury of the plaintiff, is charged directly to the defendant Lawrence Lee, and liability is sought to be fastened upon the defendant C. M. Farrell upon the doctrine of respondeat superior. The counts in these respects were quite sufficient to fasten liability upon both defendants; upon the defendant Lee as the actual wrongdoer, and upon Farrell as the alleged master, in whose service the defendant Lee was at the time engaged.

At the conclusion of the evidence, the plaintiff was allowed to amend each count of the complaint by inserting in red ink the words "individually and as" after the words "Lawrence Lee" wherever they appeared in the complaint.

Thereupon the attorney for the defendant stated to the court:

"I wish the record to show a motion to strike complaint, as amended, in that it sets out a new and different cause of action, and that it is barred by the Statute of Limitations of one year; in other words, so far as Lawrence Lee individually and as agent or servant or C. M. Farrell is concerned. Now, he is sued as agent or servant of C. M. Farrell; now, then they are attempting to join him at this time as an individual, which is more than one year since this cause of action arose; and which is barred by the Statute of Limitations."

The motion was overruled, and an exception was duly reserved.

There was no merit in the motion. The suit, as originally filed, made the defendant Lawrence Lee individually a defendant thereto, along with the said C. M. Farrell. The only effect of the amendment, as we see it, was to add additional words to the complaint, which tended to becloud

W. C. Taylor, of Mobile, for appellant.

Wm. M. Bekurs, of Mobile, for appellee.

rather than to clarify, the pleadings. The amendment served no useful purpose, as the complaint spoke the same language, in legal effect, before and after the amendment was made.

Upon the amendment of the complaint, the defendant Lawrence Lee filed a further plea setting up the statute of limitations of one year (Code 1923, § 8949).

At the conclusion of the evidence, the court gave the general affirmative charge for the defendant Farrell, and there were verdict and judgment in his favor in the court below.

The court, however, at the request of the plaintiff, gave the general charge in her behalf as against the defendant Lee, and there was verdict for plaintiff for $1,500—judgment accordingly.

The giving of the general charge against him is not assigned for error by the appellant Lee, but he here makes earnest insistence that the court committed error to reversal in refusing the general affirmative charge requested by him.

The insistence is based upon one or more grounds. First, because the defendants were sued jointly, and the proof showed that Lawrence Lee, the appellant, was not the servant or employee of the defendant Farrell in operating the car, and Farrell not being liable in the action, no recovery could be had against the said Lee; and, second, that the defendant Lee had sustained his plea setting up the statute of limitation of one year, and was, therefore, entitled to the general affirmative charge in his behalf along with his codefendant Farrell. There is no merit in either insistence.

■ The cause of action set forth in the complaint grew out of a tort, and the claim against the defendants was joint and several, and under the pleadings there could be a recovery against the alleged servant, who alone did the negligent or wrongful act, although the evidence failed to show, that, at the time he did the act, he was in fact the agent or servant of the alleged master, thereby entitling the latter to his discharge. F. W. Woolworth Co., Inc., v. Erickson, 221 Ala. 5, 127 So. 534; Sloss-Sheffield Steel & Iron Co. et al. v. Wilkes, 231 Ala. 511, 165 So. 764; Southern Ry. Co. v. Arnold, 162 Ala. 570, 50 So. 293; Lovelace v. Miller, 150 Ala. 422, 43 So. 734, 11 L.R.A. (N.S.) 670, 14 Ann.Cas. 1139; Milner v. Milner, 101 Ala. 599, 14 So. 373.

■ Of course we are familiar with the rule of our decisions, that, where the complaint alleges a joint cause of action against several defendants, when it is not also shown to be several, and the proof does not establish a joint cause of action, but one that is several only, there is a variance, and no recovery can be had on that state of the pleadings against any one or more, notwithstanding section 5720 of the Code. Handley v. Shaffer, 177 Ala. 636, 59 So. 286; Redmond & Co. v. Louisville & Nashville R. Co., 154 Ala. 311, 45 So. 649; Central of Georgia R. Co. v. Camp Hill Trading Co., 208 Ala. 315, 94 So. 350; Sloss-Sheffield Steel & Iron Co. v. Wilkes, 231 Ala. 511, 165 So. 764. But such is not the situation in the case now before us. The pleadings disclose a joint and several cause of action for tort, and the proof also shows the action to be several as well as joint. Hence no question of variance is presented.

Manifestly there is no merit in the appellant's insistence that the cause of action, as to him, was barred by the statute of limitations.

The injury occurred on the 19th day of April, 1935, and the suit was filed against appellant, along with Farrell on the 19th day of the succeeding month. The appellant, therefore, was not, as erroneously supposed by his counsel, brought before the court, as a defendant, for the first time on June 5, 1936, with the amendment of the complaint.

■ It is next insisted here that the court committed error in overruling appellant's motion for a new trial. It is sufficient to say, in this connection, that the bill of exceptions makes no mention of the motion, nor does it disclose any exception to the ruling of the court on such a motion. It is true we find in the record proper a motion by appellant for a new trial, the order of the court overruling the same, and an exception by appellant, but this is not sufficient, as we have repeatedly held. The bill of exceptions must disclose the motion, the ruling thereon, and the exception. Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681; Powell v. Folmar, 201 Ala. 271, 78 So. 47; Newell Contracting Co. v. Glenn, 214 Ala. 282, 107 So. 801.

The foregoing disposes of all matters here presented for review, and argued.

178

We find no error in the record, and it follows that the judgment of the circuit court is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.