183 So. 414

## BROWN v. STATE.
### 6 Div. 146.

Supreme Court of Alabama.

June 16, 1938.

Rehearing Denied Oct. 6, 1938.

Paine Denson, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

FOSTER, Justice.

This appellant was indicted separately for robbery and rape. The rape is shown to have been first committed, and then defendant carried the victim for about an half a block, in a wooded section and took her pocket book and three dollars, but gave the pocket book back to her.

The proceedings in this record are regular and the verdict and judgment show no connection with the trial of the rape case. But the charge of the court shows that both indictments were tried at the same time, evidently upon the same testimony and before the same jury. The record does not show any express consent to that procedure, but shows no objection to it. The jury were duly instructed as to both offenses, and that they were to render a verdict in each case, and fix the punishment. This they did, as this record shows.

There appears in the transcript a motion for a new trial for various reasons, and a ruling on the motion, but without a formal judgment. None of this appears in the bill of exceptions. It is necessary for the bill of exceptions to show an exception to the ruling on the motion. Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681; Lee v. Diamond, 234 Ala. 175, 174 So. 309. Moreover, the state of this record supports a presumption that appellant consented to a joint trial, since no objection appears. When so, it is not improper. Lucas v. State, 144 Ala. 63, 39 So. 821, 3 L.R.A.,N.S., 412.

In one aspect of the motion it treats the two offenses as separate and in another as though they were but one act and one crime which cannot be split in two judgments of conviction. Though these questions are not presented for review, we gave attention to them in the rape case, Brown v. State, Ala.Sup., 183 So. 412,[1] separately written, to which reference is made to show that appellant was not prejudiced by such method of trial so far as we can tell, and that it was not improper to have two judgments of conviction, though one crime followed the other on the same general occasion; and that the rule stated in Burt v. State, 159 Ala. 134, 48 So. 851, has no application. See section 4546, Code.

We have examined the entire record in this case, and find nothing in it which shows that appellant did not have a fair trial in a lawful manner, and without reversible error.

Affirmed.

All the Justices concur.

---

[1] Ante, p. 423.