183 So. 412

### BROWN v. STATE.

#### 6 Div. 145.

Supreme Court of Alabama.

June 16, 1938.

Rehearing Denied Oct. 6, 1938.

Paine Denson, of Birmingham, for appellant.

424

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

GARDNER, Justice.

The appeal is from a conviction for rape with the imposition of the death penalty. The defendant was positively identified by his alleged victim, who testifies that he took her about seven o'clock in the evening into the woods a few blocks from the street, and accomplished his purpose by means of a drawn pistol placed at her side and with threats to kill. As he pushed her down he still had the gun drawn on her.

The argument of defendant's counsel that the record discloses no force and, therefore, insufficient to show the crime of rape, is fully answered by the foregoing facts as to the drawn pistol,—all of which the testimony more fully elaborates. Defendant's alleged. victim gave prompt notice to the officers, and corroborating evidence of the offense was offered, and she pointed out defendant as the perpetrator of the crime from a line of men placed before her. She further testified that after defendant had ravished her, he pulled her up by the hand and they both walked "back down about a half block, down on the main walk that went across the mountain. He took my pocket book and took three dollars out of it, and gave the pocket book back to me, and told me to go on, said if I wheeled or started running toward anybody's house he would kill me. (Q.) Did he have the gun on you? (A.) Yes, sir: had the gun on me then."

It appears from this record that defendant was indicted for rape, and a separate indictment for the robbery. Both cases were set for the same day and tried together, the jury returning the death verdict in the rape case and one for life imprisonment in the robbery case. Separate appeals were prosecuted. Defendant insists the consolidation of the two was error and deprived him of his constitutional right to a trial by an impartial jury.

There was no objection interposed in the court below to this method of procedure and to the consolidation of the two indictments. Defendant must be presumed to have consented thereto. So considered, the case of Lucas v. State, 144 Ala. 63, 39 So. 821, 3 L.R.A.,N.S., 412 (16 Corpus Juris 782), is here decisive, and the maxim consensus tollit errorem is to be given application.

It may be seriously doubted that the question is here properly presented. While the amended motion for new trial presents the same question, yet the motion does not appear in the bill of exceptions and no exception appears therein to have been reserved to the ruling thereon. Under the uniform rulings of this Court, defendant is deprived of the right to have the motion here reviewed. Dukes v. State, 210 Ala. 442, 98 So. 368.

Nor does it appear in fact that the consolidation was prejudicial to defendant

so far as this trial was concerned. The two offenses were so closely connected in point of time and place,—all a part of the one transaction, so to speak, that what occurred upon the commission of the one would be admissible evidence as a part of the res gestæ of the other. The jury were entitled to the entire happenings in the trial and consideration of either offense. Therefore by the trial of the robbery indictment with that of rape defendant suffered no additional hardship so far as the proof was concerned.

■ Defendant insists that the two verdicts disclose his conviction of two distinct felonies growing out of the same identical act, contrary to the established rule in this jurisdiction,—citing Hurst v. State, 86 Ala. 604, 6 So. 120, 11 Am.St.Rep. 79; Foster v. State, 88 Ala. 182, 7 So. 185; Moore v. State, 71 Ala. 307; State v. Johnson, 12 Ala. 840, 46 Am.Dec. 283. But these distinct offenses did not grow out of the same act, and the one was not a necessary ingredient of the other. They are two separate offenses, though closely connected as to time and place, but separate and distinct nevertheless. The following illustration found in the opinion of Gunter v. State, 111 Ala. 23, 20 So. 632, 56 Am.St.Rep. 17, makes the distinction and suffices, we think, for an answer to this insistence:

"It must not be overlooked, however, that the same individual may at the time and in the same transaction commit two or more distinct criminal offenses, and an acquittal of one will not bar punishment for the other, as if in the same affray, one person shoots and kills one person, and by a second act shoots and wounds another. In such case, the two results, the killing of the one and the wounding of the other, by different acts of shooting, cannot be said to grow out of the same unlawful act, but out of two distinct acts, and the party shooting is responsible for the two results from the two separate acts, and may be indicted and punished separately for each. State v. Standifer, 5 Port. (Ala.) 523; Cheek v. State, 38 Ala. [227] 231, and authorities supra."

The question was more recently considered by the Court of Appeals in Hurst v. State, 24 Ala.App. 47, 129 So. 714, where several of our decisions are noted.

■ Defendant rested upon an alibi for his defense, and offered his wife as one of his witnesses. The action of the court in permitting the State, over defendant's objection, to have this witness recalled for further cross-examination, was a matter resting in the court's sound discretion, and is so clearly free from error that further discussion thereof is deemed unnecessary.

Two counsel were appointed by the court to represent the defendant. The witnesses for the State were carefully cross-examined, and the evidence for defendant properly introduced. There is nothing in the record to indicate that a full and fair hearing for defendant was not had.

True, defendant did not take the stand, and counsel on this appeal offer criticism of the trial counsel (his entry in the case followed the conviction) in this respect. But this is often done for varying reasons, all of which would be only conjecture here.

The argument that defendant was denied due process of law as guaranteed by the Federal Constitution by failure to have representation of counsel with citation of Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527, is unsupported by the record and the cited authority is so clearly inapplicable as to render further treatment of the suggestion unnecessary.

We have considered all matters presented in argument by counsel, and mindful of our duty in cases of this character have carefully examined the record for any other prejudicial matter. The record appears to be regular, and we find no error to reverse.

It results, therefore, that the judgment of conviction is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS, BOULDIN, BROWN, FOSTER, and KNIGHT, JJ., concur.