66 So.2d 863 (1953)
HALL
v.
STATE (two cases).
Supreme Court of Florida, Special Division B.
July 10, 1953.
Rehearing Denied September 12, 1953.
Scofield & Bradshaw and D.J. Bradshaw, Inverness, for appellant.
Richard W. Ervin, Atty. Gen. and Bart L. Cohen, Asst. Atty. Gen., for appellee.
PARKS, Associate Justice.
Appellant was charged in two informations with the commission of separate larcenies of cattle. He entered pleas of not guilty. Trial was had and he was convicted on both charges. On the day of trial the State moved to consolidate the two cases. The motion was granted, order of consolidation entered, and the trial proceeded on both informations. No objection was made by the defendant. While the motion and order refer to the proceeding as consolidating the two cases, in reality they were consolidated only for the purpose of trial. This appears because *864 a separate verdict was rendered and a separate judgment entered in each case.
Among errors assigned is the order of consolidation. This Court in civil cases has approved the action of the trial Court in ordering the consolidation of cases for trial where the causes are of the same general nature and arise out of the same event or transaction and involve the same or like issues and depend largely on the same evidence and where no prejudice or injury to the parties appears. Kight v. American Eagle Fire Ins. Co. of New York, 125 Fla. 608, 170 So. 664. Counsel has not referred us to any decision of this Court concerning the consolidation for trial of criminal causes. We think that it is within the sound discretion of the trial Court to order consolidation for trial or try together two or more informations involving similar or connected offenses and no prejudice or injury to defendant is made to appear. Especially is this true where no objection is made. Lucas v. State, 144 Ala. 63, 39 So. 821, 3 L.R.A.,N.S., 412; Brown v. State, 236 Ala. 423; 183 So. 412; Brown v. State, 236 Ala. 426, 183 So. 414; 23 C.J.S., Criminal Law, § 931, page 209. Here both larcenies were committed the same day in the same general vicinity; they involved the same issues and depended substantially on the same evidence; and transportation of the cattle was accomplished in one motor truck on the night of the taking. The same witnesses were used in the trial of both cases. The only material difference in the two cases is that ownership of the animals described in one information was vested in one person and ownership of the rest of them described in the other information was vested in another person. Some of the cattle were taken from one pasture and some from another. An examination of the record discloses that defendant was in no wise prejudiced or injured in the defense or trial of either of the cases. We find no error resulting from the order of consolidation.
Defendant further contends that there was only one crime committed and reliance for this assignment is placed on Hearn v. State, Fla., 55 So.2d 559, 28 A.L.R.2d 1179. There this Court held that only one larceny was committed where the property consisting of eleven cattle belonging to different owners was taken at the same time from the same place under the same circumstances and with the same intent. Here the ownership of the cattle was vested in different persons and they were taken from different pastures. The facts differentiate this case from the Hearn case and classify it under the holding of Green v. State, 134 Fla. 216, 183 So. 728, in which we held that the taking of articles belonging to different owners at different times or from different places constitute distinct and independent larcenies.
Appellant further contends that there was error in allowing his counsel on the day of the trial to withdraw and no opportunity given him to secure new counsel. The record shows that he agreed in writing in open court to the withdrawal of his counsel and made no motion for continuance or objection to proceeding with the trial without counsel. Moreover, he demonstrated that he had considerable knowledge of trial procedure. He demanded that the witnesses be put under the rule, cross-examined State witnesses, examined his own witnesses and made valid objections to testimony offered by the State in all of which he exhibited considerable aptness in representing himself.
There are further assignments or contentions including the claim of former jeopardy even though no plea was interposed, nor does the record support such defense; that he was physically and mentally unable to go to trial; that the cattle were not sufficiently identified; that the charges of the Court were erroneous and that the evidence was insufficient to support the verdict. All have been considered and we find no merit in any of them.
In our view the evidence was clear, convincing and conclusive in all material aspects and establishes the guilt of the defendant under each charge.
Judgment affirmed.
ROBERTS, C.J., and MATHEWS and DREW, JJ., concur.