279 So.2d 115

**Mack Bride MILLER**

v.

**STATE of Alabama.**

SC 353.

Supreme Court of Alabama.

May 10, 1973.

Rehearing Denied June 21, 1973.

Orzell Billingsley, Jr., Birmingham, for appellant.

William J. Baxley, Atty. Gen. and David W. Clark, Asst. Atty. Gen., for the State.

FAULKNER, Justice.

It was a cold November afternoon in the home of the elderly Burgess brothers, located near Coalfire, Pickens County, Alabama. Harvey was warming himself by the heater, and Leonard was sleeping on a bed. Two men, one described as black and the other as "yellow", knocked on the door and asked to be let in to get warm. Shortly thereafter, the two men broke a chair over Harvey's head. When he came to, the men, $50 from his pocket, and $3 from his brother's pocket were gone.

The Pickens County Grand Jury handed down separate indictments against Mack Bride Miller for robbing Harvey of $50, and Leonard of $3. Following a single jury trial, he was convicted of both crimes and sentenced to ten years in the penitentiary for each offense. Miller appealed to the Alabama Court of Criminal Appeals,

from whence the cause was transferred to this Court.

The principal point urged is that the evidence is insufficient to support the conviction.

Testimony at trial indicated that brother Leonard had cashed a welfare check in Reform, Alabama, and that the defendant was there, and offered to drive him home. Leonard took a taxi instead, and the taxi driver noticed that the defendant had apparently followed, and was driving nearby in a red car as he dropped Leonard off in Coalfire. Other witnesses observed a red, or maroon, car parked near the Burgess brothers' house around the time of the robbery. Harvey identified the defendant as one of his assailants, and picked him out at a lineup while defense counsel was present. The evidence was that both brothers, Harvey and Leonard, had bad eyesight.

Whether Harvey's eyewitness identification testimony was impeached by proof of his bad eyesight was a question for the jury. Believed by the jury, his testimony and that of the other witnesses was sufficient to support a criminal conviction.

Appellant complains that the trial judge erred in permitting joint trial of the two robbery charges, i. e., robbery of brother Harvey and robbery of brother Leonard. It is the law of this State that multiple indictments against the same defendant may be tried together with the consent of that defendant. Brown v. State, 236 Ala. 426, 183 So. 414 (1938); Brown v. State, 236 Ala. 423, 183 So. 412 (1938); Lipscomb v. State, 32 Ala.App. 623, 29 So.2d 145 (1947). The record here shows that the defendant consented to the procedure.

We have scrutinized the record for possible error. None appearing, the judgments and sentences must be and are affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.