Appellant was charged by five separate complaints with selling liquor without a license in violation of § 28-2 of the General Code of the City of Birmingham, Alabama. The illegal sales took place on five separate dates and each complaint corresponded with a different date. The primary offense charged was identical in each complaint. However, two of the complaints contained a second count charging appellant with selling beer without a license which count was ultimately struck by the Circuit Court. After conviction on all five counts in Municipal Court, the appellant appealed to the Circuit Court of Jefferson County. The five separate complaints were consolidated, over appellant's objection, and tried together before a jury. Appellant's motion to exclude the City's evidence was denied. Separate guilty verdicts were returned for each complaint, with a separate fine assessed by the jury for each complaint. The trial court then pronounced a separate judgment and sentence on each complaint. The court, treating each complaint as a separate case, added a sentence of hard labor to each fine assessed by the jury.
The City's case was based solely on the testimony of undercover Officer A.W. Ellis. Officer Ellis testified he had purchased one to two shots of whiskey on each occasion from the appellant. He would knock on her door, be escorted back into the kitchen, and sit at a small table where he and, on occasion, several other customers were served their shots of whiskey. The residence was a duplex, and both sides appeared to Officer Ellis to be under the appellant's control. No actual ownership or lease of the premises was proven. Officer Ellis also testified he at no time during any of his several visits observed a City license to sell liquor displayed in the appellant's premises. The appellant rested without presenting any testimony.
Appellant was put to trial, over her attorney's objection, on multiple complaints charging five distinct and separate crimes which occurred on five separate occasions ranging over a period of several months in two different years, 1979 and 1980. Appellant argues that the trial court erred to reversal in allowing appellant to be put to trial on multiple complaints over her attorney's objection to consolidation.
A defendant in this state may not be put to trial on multiple indictments without his express agreement and consent, unless *Page 1124 
he fails to object. Hopkins v. State, 54 Ala. App. 75,304 So.2d 629 (1974). The complaints by which appellant was brought to trial in the instant case were in the nature of indictments, differing only in that they were presented by a public officer (a City Attorney) upon his oath of office, rather than by a grand jury on their oath. See Code of Alabama 1975 § 15-7-1, §15-8-1. The term complaint, used in this sense, is synonymous with the term information, and is an economical, convenient, and speedy aid to the administration of justice which omits the necessity of a grand jury indictment. Ex parte State, 71 Ala. 371
(1882); see Black's Law Dictionary, 4th Edition Revised, 1968, Complaint, Information defined. The Constitution of Alabama of 1901 Art. I § 8, (amendment #37), makes specific provisions for the omission of grand jury indictments in the prosecution and proceedings in certain well defined situations. Accordingly, Alabama cases have treated complaints of this nature much the same as if they were indictments and have applied the substantive laws of each interchangeably. See,Mitchell v. State, 41 Ala. App. 254, 130 So.2d 198, cert. denied, 272 Ala. 707, 130 So.2d 205 (1961); Anderton v. State, Ala.Cr.App., 390 So.2d 1083, cert. denied 390 So.2d 1087 (Ala. 1980); Hembree v. City of Birmingham, Ala.Cr.App.,381 So.2d 664 (1980).
We are of the opinion that the rule of law applied to consolidation of multiple indictments over a defendant's objection is applicable to the multiple complaints in the instant case. The record reveals that the five separate complaints do not treat the offenses as one continuous crime, but rather as five separate illegal criminal sales. See Gamble,McElroy's Alabama Evidence, 1977, § 70.01 (14)(a)(b). The judge in his charge to the jury described the cases as separate cases entirely which were tried together only to expedite matters and save money. The jury's five separate verdicts and the judge's sentencing hearing likewise treated the complaints as separate cases. We are constrained to hold that the appellant was entitled to a separate trial on each complaint, such being necessitated by the form and substance of the complaints brought before the trial court. These complaints are to be distinguished from one indictment charging multiple misdemeanors. Boatner v. State, 8 Ala. App. 361, 63 So. 33
(1913). The rights of the defendant, who upon conviction may be sentenced to fines or hard labor, cannot be sacrificed merely to promote a more rapid and economic dispensation of trial court dockets. Ex parte Beard, 246 Ala. 338, 20 So.2d 721
(1945).
The trial court erred in consolidating the five cases over the objection of the appellant. Because the case must be reversed on this issue, we pretermit discussion of other substantive issues. However, to avoid future error, we urge the trial judges of this state to refer to those statutory provisions of the new criminal code which have changed sentencing authority before charging the jury in new code cases in order to assure the use of the proper sentencing authority in the handling of those cases.
For the error noted this case is reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.