CLARK, Retired Circuit Judge.
Appellant questions the sufficiency of the evidence to support the verdict of the jury finding appellant guilty of robbery in the first degree as proscribed by Code of Alabama 1975, § 13A-8-41, which provides:
“(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43 and he:
“(1) is armed with a deadly weapon or dangerous instrument; or
“(2) causes serious physical injury to another.
“(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under sub-section (a) of this section that he was so armed.
“(c) Robbery in the first degree is a Class A felony.”
Appellant does not, and could hardly rightfully, take the position that there was insufficient evidence to identify the defendant as the person who, according to the undisputed evidence, obtained approximately eighty dollars from the cashier of a food store by holding what appeared to be a pistol in front of her face, asking “Do you see this?” and stating, “Give me your big bills,” which she did by taking them out of the cash register as he grabbed them out of her hand. She was positive in her identification of the defendant. Furthermore, latent fingerprints were afterwards lifted from a sack of coffee the robber was handling just before the robbery and were shown to match known fingerprints of the defendant. Appellant’s contention is centered upon the remarkable circumstance that some time after the robbery was committed and the robber had left the scene a toy pistol was found in the yard of the store. As to it, one of the officers testified:
*1253 “Q. Okay. Now, do you know who found the toy pistol?
“A. Yes, sir.
“Q. Did Rose Ann Terry [the victim] find it?
“A. No, sir.
“Q. Who found it, if you know? What was her name?
“A. Mrs. Williams.
“Q. Do you know where specifically it was found, what location, just outside the store?
“A. It was laying on the ground up toward the — as you face the diagram, toward the left corner of the store.
“Q. Front or in the back?
“A. It would be more toward the front.”
The indictment alleged that the robbery occurred “while the said Phillip Eugene Hayes was armed with a deadly weapon, a pistol, in violation of § 13A-8-41 of the Alabama Criminal Code.”
If there had been evidence connecting the robber with the toy pistol found in the yard, appellant’s studious and resourceful counsel would present a serious question as to whether the “prima facie evidence” presented by the victim that defendant was armed with a deadly weapon was overcome. However, such question is not now presently determinable in favor of appellant, as the evidence affirmatively shows that no fingerprint of any value was ever lifted from the toy pistol, and there was no evidence to support a reasonable inference that the toy pistol, instead of a real pistol, was used in committing the robbery.
From what has been said, it is to be concluded also that the evidence would not have justified the trial court in charging the jury “on lesser included offenses of robbery,” or “on the elements of robbery in the second and third degree,” which appellant contends the trial court should have done.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.