The appellant, William Cleophus Atmore, was convicted of robbery in the first degree. He was sentenced as a habitual offender to life imprisonment.
On the night of January 9, 1982, the appellant robbed the desk clerk at the Quality Inn in Tuscaloosa, Alabama. Early in the morning of January 27, 1982, the appellant robbed the desk clerk of the Sheraton Inn, also in Tuscaloosa. Both victims had ample time to view the robber and both identified appellant William Cleophus Atmore from a photographic array and lineup. It was testified that the robbery on January 9 was committed by Atmore alone and approximately $400 was taken. The evidence was that the robbery of January 27 was committed by Atmore and another man and that approximately $300 was taken.
 I
Appellant argues that the trial court erred when it consolidated these two cases against him for purpose of trial. The appellant on March 31, 1982, entered a plea of not guilty to both indictments. On April 26, 1983, over a year later, the appellant filed a motion objecting to consolidation. The motion was denied by the court the date of the trial, May 2, 1983, six days after it was filed. The appellant did not know until the day of trial whether or not he would be tried for both crimes at the same time. Rule 15.4(b), A.Temp.R.Cr.P., provides for consolidation where a defendant has been charged with separate indictments, as follows:
 "Consolidation. If a defendant has been charged in separate indictments, informations or complaints, the court, on its own initiative or on motion of either party, may, not later than seven days prior to trial, order that the charges be tried together if the offenses could have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be the same as if the prosecution initially had been under a single indictment, information, or complaint. However, the court shall not order that the offenses be tried together without first providing the defendant and the prosecutor an opportunity to be heard." (Emphasis added.)
This rule became effective March 1, 1983. The old rule did not provide for consolidation without the consent of the accused. As stated by this court:
 "It is the settled law in this state that a defendant cannot be put to trial on multiple indictments without his express agreement and consent, except in cases where he fails to object. By the same token, we know of no law that compels the state to agree to such consolidation at the whim and behest of an accused." Hopkins v. State, 54 Ala. App. 75, 79, 304 So.2d 629 (1974); Gunn v. City of Birmingham, 402 So.2d 1122 (Ala.Cr.App. 1981).
The question is, therefore, when did the consolidation occur? If it occurred before March 1, 1983, the effective date of the new rule, then, of course, the old rule applies, but if it occurred after March 1, 1983, the new rule applies. From the record, it appears that the appellant pleaded not guilty to two separate indictments for robbery. Following both of those indictments, the court appointed counsel, continued the case four times, and reappointed counsel, and the appellant was thereafter tried and found guilty of the charges against him. Six days before trial, the appellant's motion *Page 981 
objecting to consolidation was filed. It was denied the day of trial. Our record is devoid of any other information concerning the consolidation. Was there a motion, a hearing, or an order directing that these cases be consolidated? Further, if such action occurred, was there notice of such a motion provided the accused? Was a copy of the order given to the accused? In order to apply the Rules of Criminal Procedure, we need to be certain that we have all the facts available. Accordingly, we remand to the circuit court pursuant to Rule 10(f), A.R.A.P., with directions that anything that was left out of the record, which is required to be included, now be added, to the end that we may know that we have the complete record of the circuit court pertaining to the consolidation of these cases.
REMANDED WITH DIRECTIONS.
All the Judges concur.