ON RETURN TO REMAND
Appellant William Cleophus Atmore was convicted of robbery and was sentenced to life imprisonment. The trial encompassed two indictments for two separate robberies occurring 18 days apart. The record was silent as to any motion or order directing consolidation, and we remanded this case to the circuit court to complete the record. There was a delay, which resulted in a mandamus proceeding. On return to remand, a stipulation has been forwarded to this court stating that the court records do not indicate there was ever a motion or an order consolidating circuit court cases CC-82-217 and CC-82-218 for trial. In our earlier opinion resulting in remand, we quoted Rule 15.4(b), A.Temp.R.Crim.P., which sets out the rules for consolidation. This rule became effective March 1, 1983.
The old rule was expressed in Gunn v. City of Birmingham,402 So.2d 1122 (Ala.Cr.App. 1981). It was that a defendant could not be put to trial on multiple indictments without his express agreement and consent except in cases where he fails to object.
Under either the old rule or present Rule 15.4(b), there was a violation resulting in prejudice to the appellant. One of the crimes was the robbery of a desk clerk at the Quality Inn motel in Tuscaloosa on January 9. The other crime was the robbery of a desk clerk of the Sheraton Inn hotel in Tuscaloosa in the early morning hours of January 27. We cannot say that the defendant was not substantially prejudiced by these two indictments being made the subject matter of a single trial. Accordingly, we find ourselves obligated to reverse and remand this case for a new trial or other proceedings not inconsistent herewith.
OPINION EXTENDED; REVERSED AND REMANDED.
All the Judges concur.