50 So.2d 273

### GAMMON v. STATE.
### 6 Div. 40.

Supreme Court of Alabama.
Feb. 1, 1951.

No attorney for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

STAKELY, Justice.

The defendant Maurice Gammon was indicted for first degree murder for the killing of Sol Caheen Howle by shooting him with a pistol. The defendant pleaded

"not guilty and not guilty by reason of self defense." He was duly tried by the jury who found him guilty of second degree murder and fixed his sentence at 45 years.

Testimony for the state tends to show the following. At about six o'clock on the evening of December 16, 1949, the deceased came into the Red Rock Grill which was owned and operated by the defendant and the defendant told him to go over and sit in a booth with Ethel Cole. This he did. The deceased was neither angry nor cursing. While he was seated in the booth with Ethel Cole he called the defendant's wife to the booth. Whereupon the defendant came running over to the table and said, "Don't talk to my wife, get the hell out of here. I will get my damn gun." The defendant then ran behind the counter, seized a pistol and started firing at the deceased. When the deceased saw that the defendant was getting his gun he jumped from the booth and ran toward him saying, "Don't do that. Don't shoot me." He had nothing in his hands. Two of the shots hit the deceased causing his death. The defendant's wife tried to keep him from using the pistol. There was testimony that the defendant was under the influence of liquor. A number of witnesses testified substantially to the foregoing. Tendencies of the evidence, including the testimony of defendant's wife, also tended to show that the deceased was attacking the defendant with a beer bottle at the time of the shooting. As pointed out, this was in conflict with the testimony of a number of witnesses for the state.

The record shows that the defendant was represented by counsel on the trial of the case. No brief, however, has been filed in this court in behalf of the appellant. The record shows that there was no question raised regarding the sufficiency of the evidence and no objection or exception to admission or refusal to admit evidence. No request was made for any written charge and no motion was made for a new trial or for any ruling indicating error on the part of the trial court. See Pugh v. State, 239 Ala. 329, 194 So. 810.

The judgment of the lower court must be affirmed.

Affirmed.

FOSTER, LAWSON and SIMPSON, JJ., concur.