Frank Conway was convicted for the kidnapping and murder of Teresa Lynn Seabrum and sentenced to forty years' imprisonment.
 I
The defendant argues that the trial court erred in refusing to accept the jury's initial verdict. Two indictments were returned against the defendant. One indictment charged the first degree kidnapping of Miss Seabrum. The second indictment charged the defendant with Miss Seabrum's murder and contained three counts. Count one charged intentional murder. Alabama Code 1975, § 13A-6-2 (a)(1). Count two charged reckless murder manifesting extreme indifference to human life. § 13A-6-2
(a)(2). Count three charged felony-murder (causing death while committing kidnapping in the first degree). § 13A-6-2 (a)(3).
The trial court instructed the jury on the possible verdicts. After deliberating thirty-nine minutes, the jury returned unanimous verdicts finding the defendant "guilty of the offense of murder as charged in Count Three of the indictment [felony-murder]"; "not guilty of the offense of murder as charged in Count One [intentional murder], but guilty of the lesser offense of manslaughter"; and "not guilty of the offense of kidnapping in the first degree, but guilty of kidnapping in the second degree."
The trial judge instructed the jury that their verdicts of not guilty of kidnapping in the first degree and guilty of felony-murder were inconsistent: *Page 642 
 "Ladies and gentlemen, I am not going to accept these verdicts in this case. The defendant cannot be guilty of murder unless he is also guilty of kidnapping in the first degree. You found him guilty of kidnapping in the second degree. The only way he could be guilty of [felony] murder is if he's guilty of kidnapping in the first degree. The two verdicts you have returned are inconsistent as to Count Three and the kidnapping charge. So, I'm going to let you go back.
 "Do you understand what I'm saying? Under the murder charge you found him guilty of [felony] murder under Count Three. Count Three requires that the death be caused in the course of kidnapping in the first degree. For him to be guilty of [felony] murder, there would have to have been kidnapping in the first degree. For you to find him guilty of kidnapping in the second degree as the other count, he would not be guilty. I will ask you to reconsider that. Either find him not guilty of murder or he would have to be found guilty of kidnapping in the first degree."
The trial judge accepted the jury's initial verdict finding the defendant guilty of manslaughter as to count one of the indictment charging intentional murder and did not instruct the jury to reconsider that verdict.
Six minutes after the jury had returned its original verdicts, it returned new verdicts finding the defendant guilty of first degree kidnapping and guilty of "murder as charged in Count Three of the indictment [felony-murder]."
We find that the trial judge properly denied the defendant's request for a mistrial based on the actions of the court in instructing the jury and in allowing them to deliberate further and return different verdicts.
The general rule on the necessity for the consistency of verdicts in a criminal trial is found at Annot., 18 A.L.R.3d 259, 274 (1968):
 "According to most authorities, consistency between the verdicts on the several counts of an indictment or information is unnecessary where defendant is convicted on one or some counts but acquitted on others, and the conviction will generally be upheld irrespective of its rational incompatibility with the acquittal."
"Consistency in the verdict is not necessary." Dunn v. UnitedStates, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356
(1932).
There is an exception to this rule. "The general rule dispensing with the necessity for consistency as between the acquittals and guilty verdicts under a multicount indictment or information is not ordinarily applied where the jury returns multiple convictions as to crimes which are mutually exclusive of each other." 18 A.L.R.3d at 283. See also 76 Am.Jur.2d Trial
§ 1157 (1975).
Here, the jury's verdicts of not guilty of kidnapping in the first degree and guilty of felony-murder were mutually exclusive because, by statutory definition, felony-murder involves causing a death during the commission or attempt to commit certain specific felonies including kidnapping in the first degree. Alabama Code 1975, § 13A-6-2 (a)(3). Because of the very definition of the offenses, the defendant could not be guilty of felony-murder if he only committed kidnapping in the second degree. Conversely, if the defendant was guilty of felony-murder, he could not have been guilty of kidnapping in the second degree, but must have been guilty of kidnapping in the first degree. Consequently, the trial court properly instructed the jury and properly refused to accept the jury's original verdicts. "Nothing seems better settled than that it is the duty of the court to look after the form and substance of the verdict of the jury, so as to prevent an unintelligible or insufficient verdict from passing into the records of the court." Martin v. State, 29 Ala. App. 395, 396, 196 So. 753,753-54 (1940).
The jury's verdicts of not guilty of intentional murder but guilty of manslaughter and that of guilty of felony-murder *Page 643 
were not mutually exclusive or inconsistent. See Fuller v.United States, 407 F.2d 1199, 1223-27 (D.C. Cir. 1967), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969) (accused convicted for felony-murder, rape, and manslaughter).
The same slaying could be both felony-murder and manslaughter. The same slaying could occur during the course of a first degree kidnapping, constituting felony murder, and also be caused by the accused's reckless conduct and constitute manslaughter under § 13A-6-3 (a)(1). Fuller, 407 F.2d at 1224. See also Richardson v. State, 439 N.E.2d 610 (Ind. 1982). "Homicide convictions have been upheld in a number of cases as against the contention that the verdict was inconsistent with that on another count also charging homicide." 18 A.L.R.3d at 297. "Of course, a defendant committing a single homicide cannot be given consecutive sentences for both first degree murder and another crime of homicide. However, the fact that punishments may not be cumulative plainly does not mean that multiple convictions are impermissible." Fuller, 407 F.2d at 1224. Here, the defendant was sentenced to thirty years' imprisonment for the felony-murder and ten years for the kidnapping.
 II
The record fails to disclose any objection made to the circuit court to the sufficiency of the evidence. This issue has not been preserved for review. Gammon v. State, 255 Ala. 109,110, 50 So.2d 273, 274 (1951); Riner v. State, 241 Ala. 166, 1 So.2d 403 (1941); Skinner v. State, 30 Ala. 524, 526
(1857). At trial, the defendant presented no evidence in his behalf. Our review of the evidence against the defendant supports the trial judge's findings on sentencing: "I heard the evidence in this case, and the evidence indicated, and I think the jury so found, that the victim was killed by being struck in the head with a shovel or probably run over with a vehicle. As Mr. Chestnut [defense counsel] said, it was a situation that was brought about by anger because she was breaking off a relationship. He was unable to control his anger, and he killed her."
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.