Michael Atkins appeals from his conviction for burglary in the third degree and sentence to twenty years' imprisonment as a habitual offender.
 I
Atkins argues that the evidence does not sustain his conviction because the only evidence against him is fingerprints found at the scene of the crime.
Around 4:30 on the afternoon of April 20, 1985, Everette Graff discovered that two shotguns and one rifle were missing from his house. Graff testified that the weapons were "first missing" at that time. Atkins worked for Graff and his father "on the farm" and "in the pasture." Graff testified that Atkins never worked around or inside his house.
Within one hour of Graff's discovery, Elmore County Deputy James McAdams lifted three fingerprints from "the inside of the window on the windowpane on the inside" and two fingerprints from "the metal part of the screen on the inside of the screen as it was sitting in the window." There were also "smudge prints" on both the windowpane and the screen which the deputy "didn't try to raise."
The window was at the back of Graff's residence and was surrounded by "scraggly bushes." Deputy McAdams testified that "one of the limbs to the bush" was caught between the screen and the window and that the grass underneath the window was "freshly tromped down." An unidentified footprint was found on the top of a coffee table directly under the window inside the house.
The fingerprints were identified as those of Atkins. The State then rested its case. There was no motion challenging the sufficiency of the State's evidence. *Page 599 
The defense recalled Mr. Graff, who testified that, two days before the burglary, Atkins was working for him in the pasture and he sent Atkins in the house to get a pack of cigarettes.
There was no motion for a judgment of acquittal or motion for a new trial. Ninety-three days after sentencing, Atkins filed a pro se "motion for reversal of conviction due to lack of evidence." The record contains no ruling on this motion. This motion was not timely whether it be treated as a motion for judgment of acquittal, Rule 12.3, A.R.Cr.P.Temp., or a motion for new trial, Rule 13, A.R.Cr.P.Temp.
The rule is that, where the issue of the sufficiency of the evidence is not properly and timely raised at trial, it is not preserved for review on appeal. Johnson v. State, 282 Ala. 584,585, 213 So.2d 644 (1968); Gammon v. State, 255 Ala. 109, 110,50 So.2d 273 (1951); Riner v. State, 241 Ala. 166, 1 So.2d 403
(1941); Pugh v. State, 239 Ala. 329, 330-31, 194 So. 810
(1940); English v. State, 457 So.2d 458 (Ala.Cr.App. 1984).
Our review convinces us that the evidence in this case is minimally sufficient to support Atkins' guilt. We reach this issue in a specific attempt to frustrate any post-conviction relief Atkins may seek on this issue.
The general rule is stated in Annot., 28 A.L.R.2d 1115, 1150, 1154 (1953):
 "Proof that finger, palm, or bare footprints found in the place where a crime was committed, under such circumstances that they could only have been impressed at the time the crime was committed, correspond to those of the accused, may be sufficient proof of identity to sustain a conviction."
* * * * * *
 "To warrant a conviction, the fingerprints corresponding to those of the accused must have been found in the place where the crime was committed under such circumstances that they could only have been impressed at the time when the crime was committed."
See also 30 Am.Jur.2d Evidence § 1144 (1967).
Ex parte Williams, 468 So.2d 99 (Ala. 1985), addressed a similar issue and held that evidence of the fingerprints of an accused on the stolen merchandise which was displayed in a location accessible to the shopping public along with the evidence of the fingerprints of others does not authorize the jury to find that the evidence excludes every reasonable hypothesis except that of guilt. Williams echoed the dissent inCox v. State, 373 So.2d 342, 347 (Ala.Cr.App. 1979), where Judge Bookout stated, "Where the appellant had legitimately been on the premises prior to the burglary and where the merchandise had been displayed in a public place where he or anyone else may have touched it, the mere fact that two of his fingerprints are later discovered on that merchandise is completely insufficient to prove that he broke into the store and stole the merchandise."
Here, a private residence is involved. The jury was authorized to find that the fingerprints were made at the time the crime was committed from the facts that the grass outside the window was "freshly tromped down," that the weapons were "just missing," that Atkins never worked inside or around the house, although he had been lawfully inside the house two days earlier to retrieve a pack of cigarettes, that a bush was caught between the screen and the window, that the presence of the fingerprints was unexplained, and that Atkins' fingerprints were found on the inside of both the screen and the window. The fact that Atkins was lawfully in the house retrieving a pack of cigarettes two days before the burglary does not explain how or why his fingerprints were on the window and screen. Here, no plausible theory consistent with innocence exists for the presence of Atkins' fingerprints. See Blanco v. State,485 So.2d 1217, 1220 (Ala.Cr.App. 1986); Hall v. State,488 So.2d 1386, 1390 (Ala.Cr.App. 1986).
Atkins was indicted for first degree burglary but only convicted of burglary in the third degree. We emphasize that, while *Page 600 
Atkins' conviction rests on legally sufficient evidence, the circumstantial evidence supporting that conviction is sufficient by only the slightest margin.
 II
Atkins was sentenced to twenty years' imprisonment as a habitual offender with two prior convictions. The range of punishment was from ten years to life or not more than ninety-nine years. Alabama Code 1975, § 13A-5-9 (b)(1). Even had this issue been preserved for review, the proportionality analysis of Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001,77 L.Ed.2d 637 (1983), is not required here. See Maddox v. State
[Ms. 5 Div. 761, September 9, 1986] (Ala.Cr.App. 1986) (on remand), wherein this Court determined that Solem v. Helm is inapplicable to sentences less than life without parole. See also Ex parte Harbor, 465 So.2d 460 (Ala. 1985) ("We cannot agree with the petitioner's argument that . . . Solem . . ., required appellate courts to test all sentences against the proscriptions of the cruel and unusual punishment clause of the Eighth Amendment to the Constitution.")
The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.