BOWEN, Presiding Judge.
Michael Edward Calhoun, the appellant, was convicted of murder and robbery in the first degree. He was sentenced to a term of life imprisonment in each ease, with the sentences to run consecutively. On this direct appeal from those convictions he contends that he should not have been sentenced for both murder and robbery because the offenses arose from a single transaction.
In their briefs both the appellant and the attorney general claim that this issue was not presented to the circuit court. We disagree. At sentencing, defense counsel, in requesting that the sentences be made to run concurrently, stated that “it’s one act.” R. 239. The trial judge responded: “I’ll look at that. If it is, I’ll make it concurrent.” R. 239. We consider this adequate to preserve this issue for appellate review. See Ex parte Harmon, 543 So.2d 716, 717 (Ala.1988). See also Ex, parte Pettway, 594 So.2d 1196, 1200 (Ala.1991); Ex parte Webb, 586 So.2d 954, 957 (Ala.1991).
The appellant was indicted for the capital offense of murder during a robbery. The jury convicted him of the separate offenses of murder and robbery. The evidence shows that the appellant shot the victim, who was delivering pizzas, during the course of an attempted robbery. There was testimony that the appellant walked up to the car and “reached back in his pocket and ... got the gun out. Then he said, ‘Bitch, give me the pizza.’” R. 86. The victim screamed and “as she was grabbing the steering wheel and taking off, the gun had fired.” R. 87. There was also testimony that when the appellant pulled out his weapon, the victim “started screaming and drove off and he ran around the car and shot.” R. 156. The appellant was running on the side of the car when he shot. R. 163. There was testimony that after the shooting, the appellant said, “I shot the bitch in the leg.” R. 141.
The defense argued that the appellant intended only to rob the victim and that he did not intend either to shoot or to kill her. Defense counsel argued in closing that the appellant could be found guilty of robbery and manslaughter because of his recklessness. R. 204.
“Except where legislatures specifically intend multiple sentences, double jeopardy principles prohibit imposing consecutive sentences for ‘the same offense.’ ” A. Campbell, Law of Sentencing § 9:10 (2d ed. 1991) (footnotes omitted).
“We are mindful of the fundamental principle that a single crime may not be subdivided into multiple offenses, nor a series of charges based on the same act.... Although combined in one trans *450 action, appellant clearly committed two separate and distinct criminal acts, bearing two criminal intents, i.e., the intent to rob and the intent to kill. Colston v. State, 350 So.2d 337 (Ala.1977); Yelton v. State, 56 Ala.App. 272, 321 So.2d 234, cert. denied, 294 Ala. 745, 321 So.2d 237 (1975). Appellant’s acts, the shooting and the robbery, constituted two criminal offenses or actions. It is legally possible to try and convict a defendant for two or more offenses at one trial where the indictment properly joins several offenses depending upon separate criminal acts or actions. Brooms v. State, 197 Ala. 419, 73 So. 35 (1916).
[[Image here]]
“It is within the province of the jury to return a specific verdict as to each count of an indictment_ Where there is evidence of separate and distinct acts constituting separate criminal offenses, separate convictions and sentences may be had under multiple counts of an indictment. Boatner v. State, 8 Ala.App. 361, 63 So. 33 (1913); see Wildman v. State, 42 Ala.App. 357, 165 So.2d 396 (1963), cert. denied, 276 Ala. 708, 165 So.2d 403 (1964).”
Robinson v. State, 428 So.2d 167, 169-70 (Ala.Cr.App.1982). See the companion case of Terrell v. State, 429 So.2d 656, 659 (Ala.Cr.App.1982). See also Ex parte Godbolt, 546 So.2d 991 (Ala.1987) (two murders committed as part of the same criminal transaction are separate offenses); McLemore v. State, 562 So.2d 639 (Ala.Cr.App.1989) (burglary, rape, and sodomy committed as part of the same criminal transaction are separate offenses).
Murder and robbery are separate offenses — in law and in fact. “It is clearly the case that each statute (murder and robbery) requires proof of an additional fact which the other does not — murder—death; robbery— felonious taking of money, etc., from the person of another or from his immediate presence by violence to his person or by putting him in fear.” Clift v. State, 352 So.2d 838, 840 (Ala.1977), cert. denied, 435 U.S. 909, 98 S.Ct. 1459, 55 L.Ed.2d 500 (1978).
The appellant was properly given separate sentences for murder and robbery. “[I]t was within the trial court’s discretion to impose [those sentences] consecutively.” McLemore, 562 So.2d at 650. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.