On September 13, 1991, James Edwards was convicted of felony murder and first-degree robbery. The trial court sentenced Edwards, as a habitual offender, to consecutive terms of life in prison without the possibility of parole. On direct appeal, this Court affirmed Edwards's convictions and sentences in an unpublished memorandum. Edwards v. State (No. CR-91-177),617 So.2d 704 (Ala.Crim.App. 1992) (table).
On March 9, 2004, Edwards filed this, his fourth, Rule 32, Ala. R.Crim. P., petition. After the State filed its motion to dismiss, the circuit court entered an order summarily denying the petition on April 9, 2004. This appeal followed.
In his petition, Edwards claimed that his convictions and sentences violated the constitutional guarantee against double jeopardy. Specifically, he contended that because first-degree robbery was the felony underlying his conviction for felony murder, he could not have been convicted of and sentenced for both charges. On appeal, he reiterates this claim.
Edwards has pleaded a claim which, if proven to be true, warrants a remedy. See Peterson v. State, 842 So.2d 734
(Ala.Crim.App. 2001). The State did not address the merits of this claim; neither did the circuit court. Additionally, our records do not indicate that this Court has ever addressed the merits of this claim. This claim was not subject to preclusion because it implicated the subject matter jurisdiction of the trial court. See Peterson, supra. See also Straughn v. State,876 So.2d 492 (Ala.Crim.App. 2003). Therefore, we must now address its merit.
We take judicial notice of the record of the direct appeal of this case. See Hatfield v. State, 784 So.2d 377 (Ala.Crim.App. 2000). The evidence produced at trial indicated that, on December 13, 1990, Smith and his codefendant were fleeing from a bank robbery in a maroon automobile, driving erratically through heavy traffic around a mall on Highway 150 in Birmingham, Alabama, when they collided head-on with the blue automobile driven by the victim. She died as a result of the injuries she sustained in the accident. Thus, it appears that the felony underlying the murder in this case was the robbery from which Smith and his codefendant were fleeing. Therefore, robbery was a lesser-included offense of felony murder under the facts of this case, and, in light of the constitutional guarantee against double jeopardy, Smith could not have been convicted of both. *Page 1079 
Therefore, we remand this cause to the trial court for it to vacate Smith's robbery conviction and his sentence therefor. We ask that on return to remand, the circuit court submit to this Court a copy of its order doing so. Due return shall be made to this Court within 35 days of this decision.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On February 18, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion.