The appellant, Rodgrick Cornilius Brooks, appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1997 convictions for felony murder and first-degree robbery and his resulting consecutive sentences of 30 years' imprisonment for the felony-murder conviction and 20 years' imprisonment for the robbery conviction. This Court affirmed Brooks's convictions and sentences on direct appeal in an unpublished memorandum and issued a certificate of judgment on July 8, 1998. See Brooksv. State (CR-97-0540), 738 So.2d 941 (Ala.Crim.App. 1998) (table).[1]
Brooks filed the present petition on June 28, 2005, claiming that the trial court was without jurisdiction to render the judgments or to impose the sentences because, he says, his convictions for felony murder and first-degree robbery were based on the same conduct and were, therefore, violative of double-jeopardy principles. Specifically, Brooks argued that the same robbery formed the basis for both convictions. After receiving a response from the State, the circuit court summarily denied Brooks's petition. This appeal followed.
On appeal, Brooks reargues the claim from his petition. The State avers that the case is due to be remanded to clarify whether Brooks was convicted of murder, as the jury form indicates, or whether he was convicted of felony murder, as charged in the indictment.
With regard to the State's concession that the case is due to be remanded to determine whether Brooks was convicted of murder or of felony murder, we agree that a remand is necessary, but for a different reason.
In Tinker v. State, 932 So.2d 168 (Ala.Crim.App. 2005), the appellant was indicted for conspiracy to traffic in cocaine. The verdict form erroneously listed the offense as trafficking in cocaine. This Court held that, although the trial court had instructed the jury on the elements of conspiracy, it had also instructed the jury on the elements of trafficking in cocaine. Thus, we concluded, the jury's intent was unclear, because it was
 "conceivable that a layperson on the jury could have easily construed the instructions as requiring the jury to determine whether Tinker was guilty of trafficking in cocaine, especially since the verdict form provided to the jury gave the jury two choices on count 1 — that the jury could find Tinker either guilty or not guilty of `trafficking cocaine, as charged in count one of the indictment.' (C. 183, R. 975.)"
Tinker v. State, 932 So.2d at 177. We further concluded that based on the facts of the case, trafficking in cocaine was not a lesser-included offense of conspiracy to traffic in cocaine. Thus, this Court concluded in Tinker that the appellant had been convicted of an offense for which he had not been indicted, and we remanded *Page 1182 
the case for the trial court to vacate that conviction and sentence.
However, in Bradford v. State, 948 So.2d 574
(Ala.Crim.App. 2006), this Court held that under the facts of that case, the jury's intent was clear from the record. InBradford, the indictment charged the appellant with reckless driving; the offense was referred to throughout the trial and in the verdict forms as reckless endangerment, and the jury was instructed on the elements of reckless driving, although the trial court referred to the charge as reckless endangerment. This Court determined that under the facts, it was apparent that the jury's intent was to find Bradford guilty of reckless driving.[2]
Thus, we look to the facts of this case. The trial court here instructed the jury as follows:
 "As stated in this case, this defendant is charged with the offense of felony murder, and this is what the law of Alabama says about felony murder.
 "A person commits the crime of murder if he commits robbery in any degree and in the course of the crime or in the furtherance of the crime or in the immediate flight therefrom that he is committing, he or another participant causes the death of another person. Therefore, in order to convict, the State must prove beyond a reasonable doubt the following elements: That the victim in this case is dead, number one; number two, that the defendant or another participant caused the death of the victim by, in this case, shooting him; number three, that in committing the acts which caused the death of the victim, the defendant or another participant was acting in the course of and in the furtherance of the crime of, in this case, robbery; and that in doing the acts which constituted the commission of the felony, in this case robbery, during the course of which or in the furtherance of which or in the immediate flight therefrom, the death of the victim was caused in this case by either the defendant or another participant.
 "A participant in the context of this offense is one who would be legally accountable either as being the one who procured, induced, or caused the act or the one doing the procuring, inducing, or causing of another to commit an offense, or aiding or abetting the commission of the offense, or in failing to make such effort as he was legally required to make to prevent the commission of the offense. I'll explain to you momentarily the definition of robbery.
 "If you find the State has proven each of these elements beyond a reasonable doubt, it would be your duty to find the defendant guilty. If, on the other hand, you find the State has failed to prove any one or more of these elements, it would be your duty to find the defendant not guilty."
(C. 24-26.)[3] The trial court then instructed the jury on the elements of robbery. Following the instructions on the elements of robbery, the trial court instructed the jury as follows:
 "Ladies and gentlemen, these are additional instructions that are also proper statements of the law. *Page 1183 
 "To return a conviction for murder during the course of a robbery, it is not necessary for you to find the defendant or another participant intentionally killed the victim. If you conclude the victim was shot in order to effectuate or facilitate a robbery of another person, then a murder was committed in the meaning of a felony murder statute.
 "The State need not prove the defendant contemplated, intended, or willed the death of the victim. In a Robbery I case, it is not essential that any property be taken by the defendant from the victim. The value and the amount of any property taken is immaterial. The value and the amount of the property taken in a robbery is immaterial. When two or more persons join in an unlawful enterprise, each is responsible for everything which may consequently and proximately flow from the unlawful purpose, whether committed by the accused or not and whether specifically intended or not.
 "When two or more persons enter into an unlawful purpose with common intent to aid and encourage each other in anything within their common design, each is criminally responsible for everything which may as a consequence subsequently result from such unlawful purpose, whether or not such results were contemplated specifically.
 "If you find from the evidence that the defendant fled the scene of the robbery, then you may consider that as evidence as tending to show his consciousness of guilt.
 "Immediate flight is defined as a continuous series of events directly precipitated or caused by the defendant's initial criminal conduct.
 "All acts by the defendant that occur as a continuing series of events directly precipitated or caused by the defendant's initial conduct are done so in immediate flight.
 "Ladies and gentlemen, the law says one final thing, and that is your verdict must be unanimous. It takes all twelve of you to agree to return a verdict for the State. It takes all twelve of you to agree to return a verdict for the defense.
 "I suggest when you go out to begin your deliberations that you select one from among you to act as the foreperson of the jury. That individual will have no greater weight in the jury's deliberations but will simply preside over the jury's orderly deliberations. The second function of the foreperson will be to sign the verdict form we send back with you in this case. And in this case the verdict form will read substantially as follows: As there are two counts, one for felony murder and one for robbery, they will read substantially as follows:
 "We, the jury, find the defendant guilty of murder. We, the jury, find the defendant not guilty of murder.
 "We, the jury, find the defendant guilty of robbery. We, the jury, find the defendant not guilty of robbery."
(C. 29-32.)[4]
The facts at trial indicated that the robbery and murder were part and parcel of each other, and there was no plausible theory from which to conclude otherwise. The jury instructions clearly indicated that the jury must find the robbery in order to return a guilty verdict on the count of the indictment charging Brooks with the victim's death. Further, the trial court instructed *Page 1184 
the jury that the verdict form for "felony murder" would read "We, the jury, find the defendant guilty of murder. We, the jury, find the defendant not guilty of murder." (C. 32; direct appeal R. 100.) Thus, based on our review of the record, it is apparent that, despite the erroneous verdict form, the jury's intent is clear in this case. Brooks was convicted of felony murder.
Thus, having determined that Brooks was convicted of felony murder, we are left with his contention that the same robbery formed the basis of both his felony-murder conviction and his robbery conviction.
Section 13A-1-8(b), Ala. Code 1975, provides, in pertinent part:
 "(b) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
 "(1) One offense is included in the other, as defined in Section 13A-1-9."
It is well settled that this type of double-jeopardy transgression implicates the jurisdiction of the trial court. See, e.g., Edwards v. State, 907 So.2d 1077
(Ala.Crim.App. 2004). See also Straughn v. State, 876 So.2d 492
(Ala.Crim.App. 2003).
The evidence at trial indicated that Brooks and an accomplice followed the victim down a dirt road near a motel, robbed him of $25, and then shot him, causing his death. Under the facts presented at trial, Brooks was either guilty of committing a robbery during which the victim was killed or he was not guilty of any offense. Thus, it is clear that under the facts of this case, robbery as charged in count II of the indictment was a lesser-included offense of felony murder during a robbery as charged in count I of the indictment. Therefore, Brooks's double-jeopardy claim in his petition is meritorious; his conviction for robbery violated double-jeopardy principles; and the trial court lacked jurisdiction to adjudge him guilty of that offense. See Edwards v. State, supra.[5]
Based on the foregoing, this case is remanded for the circuit court to grant Brooks's Rule 32 petition and vacate his conviction and sentence for first-degree robbery under count II of the indictment. On return to remand the circuit court shall submit to this Court a copy of its order doing so. Due return shall be made to this Court within 35 days of this opinion.
REMANDED WITH DIRECTIONS.*
MCMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] For a detailed discussion of the convoluted history of Brooks's attempts to gain postconviction relief from these convictions and sentences, see Brooks v. State,892 So.2d 985 (Ala.Crim.App. 2004) (opinion on return to remand from the Alabama Supreme Court).
[2] The issue in Bradford involved the sentence that had been imposed. Because of our determination that Bradford had been convicted of reckless driving, we concluded that the sentence imposed by the trial court exceeded the statutory maximum. Thus, we remanded that case for the trial court to impose a sentence within the statutory range of punishment for that offense.
[3] This excerpt was attached as an exhibit to Brooks's Rule 32 petition and encompasses R. 92-94 of the trial transcript.
[4] This excerpt was attached as an exhibit to Brooks's Rule 32 petition and encompasses R.97-100 of the trial transcript. 97-100 of the trial transcript.
[5] We recognize that the circuit court's denial of Brooks's petition was based, in part, on this Court's memorandum affirmance of Brooks's direct appeal. In that affirmance, this Court relied on Calhoun v. State, 623 So.2d 448
(Ala.Crim.App. 1993), to conclude that Brooks's consecutive sentences were not improper. The appellant in Calhoun
had been charged with capital murder but was convicted of the separate underlying offenses of murder and robbery. Therefore, based on the facts in Calhoun, Calhoun's separate convictions and sentences were permissible. In Brooks's case, however, the evidence does not lend itself to the same conclusion. Thus, our reliance on Calhoun in affirming Brooks's convictions and sentences on direct appeal was misplaced.
* Note from the reporter of decisions: On September 22, 2006, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.
 *Page 635