JOINER, Judge.
Ronzie McRath appeals the denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P. We reverse and remand.
In March 1994, following a trial on a single-count indictment charging capital murder — “[mjurder ... during a robbery in the first degree or an attempt thereof,” § 13A-5-40(a)(2), Ala.Code 1975— McRath was convicted of the lesser-included offenses of “murder” and first-degree robbery. McRath was subsequently sentenced to consecutive terms of life imprisonment for the two convictions. McRath appealed his convictions and sentences to this Court; this Court, on return to remand, affirmed McRath’s convictions and sentences by unpublished memorandum. McRath v. State, 668 So.2d 874, 876 (Ala.Crim.App. 1995) (note from the reporter of decisions).[1]
In April 1997, McRath filed his first petition for postconviction relief pursuant to Rule 32, Ala. R.Crim. P.[2]
In that petition, McRath claimed, among other things, that the evidence was insufficient “to sustain [the] verdict,” that he received ineffective assistance of counsel, and that his sentence “exceeded] the maximum authorized by law.” (C2. 13-15.)
*248 With respect to the suffíciency-of-the-evidenee claim, McRath argued that “[t]he two separate convictions for lesser-included offenses not submitted to the jury violate[d] due process and [the] double-jeopardy clause.” (C2. 13.) McRath then argued that his counsel was ineffective because counsel “failed to recognize the double-jeopardy violations resulting in the improper convictions and sentences for lesser offenses not included in the indictment[.]” (C2. 15.) Finally, McRath contended that his sentence was illegal because it was based on “verdicts of two lesser included offenses from a single-count indictment,” and “only a single conviction for ‘felony-murder or murder’ or alternatively ‘felony-robbery or robbery’ can be sustained.” (C2. 13, 15.)
The circuit court subsequently entered a written order dismissing McRath’s first petition. With respect to McRath’s sufficiency-of-the-evidence claim — which the circuit court characterized as a claim “that no set of facts could support a jury finding [McRath] guilty of murder and robbery 1st degree as separate offenses under an indictment charging ... capital murder”— the circuit court concluded that this claim was “ludicrous” and that “the jury found the two criminal acts were separate and distinct albeit part of a continuing series of events.” (C2. 22.) The circuit court also concluded — with respect to McRath’s inef-feetive-assistance-of-counsel claim — that, irrespective of McRath’s claim of deficient performance, “the outcome of th[e] case would have been no different.” (C2. 22.) Finally, with respect to McRath’s illegal-sentence claim, the circuit court concluded that “[t]he jury found [McRath] guilty of two separate Class A felonies” and that “separate sentences to run consecutive [are] legal sentences under Alabama law.” (C2. 22.)
In the unpublished memorandum affirming the summary dismissal of McRath’s first petition, this Court concluded that summary dismissal was proper because “all of [McRath’s] claims, with the exception of the ineffective assistance of appellate counsel claim, were clearly precluded from review as the claims could have been, but were not, raised on direct appeal.” This Court briefly addressed the substance of the double-jeopardy claim — albeit as it was presented in an ineffective-assistanee-of-counsel claim — stating that McRath “is apparently under the mistaken impression that he could not be convicted and sentenced on two separate offenses that arose out of the same event.”
In April 2012, McRath filed a petition for postconviction relief pursuant to Rule 32, Ala. R.Crim. P. In the instant petition — which appears to be his third such petition[3] — McRath claimed that the “trial court was without jurisdiction to render judgment or to impose sentences” because, he claimed, he was convicted of felony murder and first-degree robbery and the “robbery provide[d] the basis for both the [felony-]murder conviction and the first-degree robbery conviction.” (C. 19.) McRath argued that the dual convictions violated double-jeopardy principles and asked the circuit court to “vacate the first-degree robbery conviction.” (C. 19.) In response, the State asserted that “the count[s] alleging murder and robbery arose out of separate acts” and argued that McRath’s convictions did not violate double jeopardy; specifically, the State contended that McRath was indicted for murder made capital because it was committed during the course of a robbery, see § 13A-5-40(a)(2), Ala.Code 1975, but was found guilty of two independent lesser- *249 included offenses — intentional murder and first-degree robbery. (C. 40.)
The State subsequently submitted an affidavit from the judge who presided over McRath’s trial.[4] The trial judge’s affidavit states:
“I was the Presiding Judge over the case of State of Alabama v. Ronzie McRath, CC-93-496 that was disposed of by a jury verdict. As I recall, the Defendant, Ronzie McRath, was charged with capital murder because it was alleged that the murder was committed during the commission of a robbery in the first degree. At the end of the trial, I instructed the jury on the charges of capital murder, murder and robbery in the first degree. The jury instructions would be part of the record in this case, but I believe the jury was clearly instructed that in lieu of finding the defendant guilty of ‘capital murder,’ they could find from the evidence that the murder and the robbery were separate and distinct felony acts. After deliberations, the jury returned verdicts of guilty for murder and robbery in the first degree. I adjudged the Defendant Ronzie McRath guilty of both murder and robbery in the first degree at that time. The Defendant was sentenced by me to two (2) consecutive life sentences and an order was entered.
“In my order I apparently put in parenthesis the code section for felony murder, which would have been a clerical error on my part, as that is not consistent with the jury verdict nor my adjudication following a returning of the verdict since the Defendant was found guilty of both the murder charge and the robbery charge by the jury and it was my intent to sentence him separately for murder and robbery, not felony-murder and robbery.”
(C. 53.)
The circuit court conducted an evidentia-ry hearing on the petition. At the beginning of the hearing, McRath — through counsel — admitted a portion of the trial transcript reflecting the jury instructions given at trial and also admitted a “Sentencing Memorandum & Order” entered by the trial judge following the jury’s verdict. (C. 84-112.) During the hearing, McRath argued as follows:
“So, in this case, the sentencing order, the jury instructions were all capital murder and then the lesser-included [offense] of murder and robbery, which to me is felony murder, and that was what the sentencing order says he was convicted of.
“The caselaw is just rock solid clear that you cannot be convicted of felony murder and also be convicted of the underlying felony that made it felony murder.”
(R. 15.) In response, the State agreed with McRath’s contention that felony murder and robbery “cannot be two separate and distinct acts.” (R. 20.) The State argued, however, that McRath was not convicted of felony murder but, instead, was convicted of intentional murder; the State also contended that trial judge’s sentencing order — which states that McRath was convicted under § 13A-6-2(a)(3), Ala. Code 1975 — was a clerical “mistake.” (R. 22.)
The circuit court subsequently denied McRath’s petition. The circuit court found that this claim was raised in McRath’s first petition for postconviction relief and, thus, that the claim was precluded because it was successive under Rule 32.2, Ala. R.Crim. P. The circuit court also concluded *250 that “the jury found [McRath] was guilty of murder and robbery, the lesser-included offenses of capital murder.” (C. 61.)
On appeal, McRath continues to argue that his convictions violate double-jeopardy principles. We agree.
“ ‘The standard of review on appeal in a postconviction proceeding is whether the [circuit court] abused [its] discretion when [it] denied the petition. Ex parte Heaton, 542 So.2d 931 (Ala.1989).’ ” Strickland v. State, 771 So.2d 1128, 1125 (Ala.Crim.App.1999) (quoting Elliott v. State, 601 So.2d 1118, 1119 (Ala.Crim.App. 1992)). However, “when the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001).
I.
As a threshold matter, the circuit court erred when it concluded that McRath’s double-jeopardy claim is precluded as successive under Rule 32.2(b), Ala. R.Crim. P., which states:
“If a petitioner has previously filed a, petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule. The court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner. A successive petition on different grounds shall be denied unless (1) the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence or (2) the petitioner shows both that good cause exists why the new ground or grounds were not known or could riot have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.”
“Rule 32.2(b) creates a two-pronged approach to addressing successive petitions. The first inquiry, under Rule 32.2(b), is whether the grounds raised in the successive petition are duplicative, that is, have the same grounds been raised in a prior petition.” Ex parte Trawick, 972 So.2d 782, 783 (Ala.2007). Regarding this first inquiry, “[i]t is well settled under Alabama caselaw that where a particular claim in a Rule 32 petition has been raised in a previous petition ... for that claim to be precluded as successive under Rule 32.2(b), the claim must have been decided on the merits in the previous petition.” Whitt v. State, 827 So.2d 869, 875 (Ala. Crim.App.2001).
“The second prong of Rule 32.2(b) states that ‘[a] successive petition on different grounds shall be denied’ unless one of two exceptions apply.’ (Emphasis added.)” Ex parte Trawick, 972 So.2d at 783. Under either inquiry, “for purposes of applying the procedural bar in Rule 32.2(b), the claims in a Rule 32 petition should be considered separately, and not collectively.” Whitt, 827 So.2d at 875 (citing Ex parte Walker, 800 So.2d 135 (Ala.2000)).
In its order, the circuit court quotes a portion of McRath’s first petition, notes that McRath’s first petition was denied and the denial affirmed on appeal, and concludes that McRath is alleging “the exact same grounds ... in this successive petition.” (C. 61.) Whether McRath’s claim is successive, however, is not determined based solely on whether the claim was raised in a previous petition.
In dismissing McRath’s first petition, the circuit court' did not reference double jeopardy, let alone purport to address a *251 double-jeopardy claim; instead, the circuit court concluded that the evidence was sufficient to support both of McRath’s convictions and, also, that McRath’s sentences were legal. (C2. 21-22.) Likewise, on appeal, this Court did not address in its unpublished memorandum the merits of the claim that McRath now asserts; this Court concluded that his claims were precluded and that, with respect to McRath’s ineffective-assistance-of-appellate-counsel claim that implicated double jeopardy, McRath was “under the mistaken impression that he could not be convicted and sentenced on two separate offenses that arose out of the same event.”
Although McRath vaguely asserted double-jeopardy and illegal-sentence claims in his first petition, we cannot say that McRath previously raised the claim he now asserts in this petition, namely, that his conviction for felony murder and first-degree robbery violate double-jeopardy principles. Even if he did raise such a claim, we cannot say that it was addressed on its merits, either by the circuit court or this Court; at best — as evidenced by the trial judge’s affidavit — McRath’s claims have been viewed as if he has been convicted of intentional murder and first-degree robbery.
Because the claim that McRath now asserts was not raised in a previous petition and addressed on the merits, his petition asserting “ ‘different grounds shall be denied’ unless one of two exceptions apply.” Ex parte Trawick, supra (quoting Rule 32.2(b), Ala. R.Crim. P.). As McRath asserted in his petition — and as recognized by bóth this Court and the Alabama Supreme Court — McRath’s double-jeopardy claim is a jurisdictional claim. See Heard v. State, 999 So.2d 992, 1006 (Ala.2007) (“[Simultaneous convictions involving greater and lesser-ineluded offenses ... implicates the jurisdiction of the trial court and cannot be waived.”); Rolling v. State, 673 So.2d 812, 816 (Ala.Crim.App.1995) (“[T]his double-jeopardy claim [in which a defendant is convicted of both the greater and lesser-ineluded offenses] goes to the jurisdiction of the trial court to render judgment.”).[5] Accordingly, this claim falls within the exception recognized by Rule 32.2(b)(1), Ala. R.Crim. P., and thus, is not precluded as successive.[6]
II.
The evidence received by the circuit court during the hearing — a portion of the trial transcript reflecting the jury instructions given in McRath’s trial, as well as a “Sentencing Memorandum & Order” entered by the trial judge following the jury’s verdict — clearly reflect that the jury was instructed on “felony murder” as a lesser-ineluded offense of capital murder and that McRath was convicted of both felony murder and first-degree robbery.
“Rule 32.3 states: ‘The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to *252 relief.’ ” Ex parte Hodges, 147 So.3d 973, 976 (Ala.2011). When the circuit court conducts an evidentiary hearing “the burden of proof is upon the petitioner seeking post-conviction relief to establish his grounds for relief by a preponderance of the evidence.” Wilson v. State, 644 So.2d 1326, 1328 (Ala.Crim.App.1994). In Barbour v. State, 903 So.2d 858 (Ala.Crim.App. 2004), this Court explained:
“We will reverse a circuit court’s findings only if they are ‘clearly erroneous.’ Jenkins v. State, 972 So.2d 165 (Ala. Crim.App.2005).
“ ‘ “ ‘[A] finding is “clearly erroneous” when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.’ United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).... If the district court’s account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the 'evidence, the factfinder’s choice between them cannot be clearly erroneous. United States v. Yellow Cab Co., 338 U.S. 338, 342, 70 S.Ct. 177, 179, 94 L.Ed. 150 (1949); see also Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982).” [Anderson v. City of Bessemer City, N.C.], 470 U.S. [564] at 573-74, 105 S.Ct. [1504] at 1511 [(1985)].’
“Morrison v. State, 551 So.2d 435, 436-37 (Ala.Crim.App.1989); see also Giles v. State, 906 So.2d 963, 970-71 (Ala.Crim. App.2004).”
903 So.2d at 861-62.
The trial transcript admitted at the hearing reflects that the trial court instructed the jury that “[s]hould [it] find in [its] deliberations ... that the State has failed to prove beyond a reasonable doubt that the defendant committed an intentional murder during the commission of a robbery in the first degree as charged ... then you should go on to consider the offense of murder sometimes in our jurisdiction called felony murder.” (C. 96 (emphasis added).) The jury was instructed that, “[u]nder our law, a person commits the crime of murder if that person commits robbery in any degree, and in the course of the crime or in furtherance of the crime or in immediate flight from the crime he causes the death of any person.” (C. 96.) The jury instructions reference felony murder, and the instructions track the language of the felony-murder statute.[7] See § 13A-6-2(a)(3), Ala.Code 1975 (“He or she commits or attempts ... robbery in any degree ... and, in the course of and in furtherance of the crime that he or she is committing or attempting to commit, or in immediate flight therefrom, he or she, or another participant if there be any, causes the death of any person.”). Likewise, the trial judge’s sentencing order reflects that *253 McRath was convicted under § 13A-6-2(a)(3), AIa.Code 1975, the felony-murder portion of the first-degree-murder statute.
The two exhibits offered by McRath at the hearing leave this Court “with the definite and firm conviction that a mistake has been committed”; thus, we conclude that the circuit court’s conclusion that McRath’s double-jeopardy claim was without merit is clearly erroneous.
Our conclusion is bolstered by our review of the record in McRath’s direct appeal. During a discussion between the judge and the attorneys regarding jury instructions, the following exchange occurred:
“[Defense counsel]: Judge, I think we have submitted requested charges on the felony murder doctrine.
“The Court: All right.
“[Defense counsel]: And I would ask that the judge, excuse me, the jury be charged on that and give that as a lesser included.
“[State’s attorney]: Is that going to be the charge of murder?
“The Court: Well, that’s what — there is no evidence in this case if the jury finds — well, there is no evidence in this case that there was not a robbery in process. There is no evidence from which the jury could reasonably concluded that. The sole question is whether or not the defendant was a participant in it and did the actual killing. The only reason I think you are entitled to a felony-murder charge is the one statement of [a witness] that he says was made by the defendant McRath shortly after the incident that is, T don’t know whether I shot her or not.’
“[Defense counsel]: Yes, sir.
“The Court: Something — I can find it. But the jury as I read it would have to find Mr. McRath guilty of capital murder or murder based upon the felony-murder doctrine as contained in 13A-6-2.
[[Image here]]
“[Defense counsel]: But basically they’re going to get a charge on felony murder?
“The Court: Basically.”
(Cl. 948-50 (emphasis added).) The above-quoted portion of the transcript reflects that the judge concluded that the only evidence presented was that a murder occurred during the course of a robbery; accordingly, the only charge supported by the evidence was an intentional murder committed during the course of a first-degree robbery — capital murder — or a murder unintended by McRath that occurred during the course of a robbery— felony murder.
As envisioned by the judge and attorneys in the above-quoted exchange, the jury was instructed on capital murder, felony murder, and first-degree robbery; the jury subsequently returned guilty verdicts on “murder” and first-degree robbery as lesser-included offenses of the indicted offense. As the trial judge’s sentencing order reflects, McRath was convicted and sentenced for felony murder and first-degree robbery. It is undisputed that the same robbery provided the basis for both McRath’s felony-murder conviction and his first-degree-robbery conviction; accordingly, McRath’s dual convictions and sentences cannot stand. See Ex parte Murray, 893 So.2d 353, 354 (Ala.2004) (“It is undisputed that the same robbery provided the basis for both Murray’s felony-murder conviction and his first-degree-robbery conviction. Therefore, as the State conceded in its motion to vacate the first-degree-robbery conviction, the felony-murder conviction encompasses the first-degree robbery conviction, and the circuit *254 court must vacate the first-degree robbery conviction.” (quotations omitted)).
Accordingly,- we reverse the circuit court’s order denying McRath’s petition and remand this matter for the circuit court to grant McRath’s petition and vacate his conviction and sentence for first-degree robbery. Brooks, 952 So.2d at 1184. Due return should be made to this Court within 28 days of the release' of this opinion.
REVERSED AND REMANDED. 
WINDOM, P.J., and WELCH and BURKE, JJ., concur. KELLUM, J., concurs in the result.

. We take judicial notice of the record that was before this Court in McRath’s direct appeal. Nettles v. State, 731 So.2d 626 (Ala. Crim.App.1998). References to the clerk's record in McRath's direct appeal will be designated as "Cl.,” and, likewise, references to the reporter's transcript will be designated as "Rl."

. McRath appealed the summary dismissal of his first Rule 32 petition; this Court affirmed the summary dismissal by unpublished memorandum. McRath v. State (No. CR-96-1803, Sept. 26, 1997), 725 So.2d 1088 (Ala.Crim. App.1997) (table). References to the clerk’s record in the appeal of McRath's first petition will be designated as "C2.,” and, likewise, references to the reporter’s transcript will be designated as "R2.”

. This Court is unaware of the nature and disposition of McRath's second petition.

. The trial judge is now retired.

. This Court affirmed McRath’s convictions and sentences in September 1995. The decision in Rolling — recognizing that there are certain types of double-jeopardy claims that are jurisdictional — was decided before McRath’s case was final on direct review.

. The fact that McRath’s convictions and sentences have been previously affirmed by this Court does not prohibit this Court from addressing McRath’s double-jeopardy claim on appeal from the denial of his Rule 32 petition. See Brooks v. State, 952 So.2d 1180 (Ala.Crim. App.2006) (vacating first-degree-robbery conviction on double-jeopardy grounds on appeal from denial of Rule 32 petition, even though convictions and sentences for felony murder and first-degree robbery were affirmed on direct appeal); Edwards v. State, 907 So.2d 1077 (Ala.Crim.App.2004) (same).

. See also Jury Instructions at C. 96-97 ("That in doing the acts which constituted the commission or attempting to commit the felony of robbery that the death was caused by the defendant or by another participant and that the death was caused by the defendant unintentionally or was caused by another participant in the commission of the robbery.”); and C. 98 ("under our felony murder doctrine the reason an unintentional killing committed during the course of one of several enumerated felonies, robbery being one of them, is because even though there is not an intent, an actual intent, on the part of a defendant the law implies an intent by the commission of the underlying serious felony offense.”).