WINDOM, Presiding Judge.
Isaac Isahas Washington appeals his convictions for felony murder, see § 13A-6-2(a)(3), Ala.Code 1975, and second-degree kidnapping, see § 13A-6-44, Ala.Code 1975. The circuit court sentenced Washington as a habitual offender to life in prison without the possibility of parole for his felony-murder conviction and life in prison for his second-degree-kidnapping conviction, both sentences to be served consecutively.
Between 2007 and 2008, Tammy Stokes worked as a confidential informant for several law-enforcement agencies on a variety of drug cases. During that time, Washington, who was involved in the drug trade, learned that Stokes was an informant. On May 28, 2008, Washington and Dwayne Pettaway, who was also involved in the drug trade, encountered Stokes at a gas station. Pettaway asked Stokes to get into their vehicle, and she agreed. Once Stokes was inside the vehicle, one of the two men hit her over the head • with a portable radio, rendering her unconscious. The two men then placed her in the trunk of their vehicle. Washington devised a plan to dispose of Stokes’s body on Henderson Camp Road. Once they arrived at the disposal site, Washington and Petta-way discovered that Stokes was still alive, so one of the men shot her in the head.
In July 2008, Washington had a conversation with Jennifer Trotter, his niece, detailing his involvement in Stokes’s death. Washington also provided Trotter with details about the location of Stokes’s body so that she could claim a $5,000 reward. Trotter told her brother, Ronald Washington, about the conversation, and he drew a map to the location of Stokes’s body based on the directions Washington had given Trotter. Ronald and Trotter searched for the body themselves but were unable to locate it. On August 5, 2011, Ronald relayed the details of Trotter’s conversation with Washington to the police along with the map. Using Ronald’s map, the police discovered Stokes’s remains.
After Stokes’s body was located, Washington was charged with murder, see § 13A-6-2(a)(l), Ala.Code 1975; felony murder, see § 13A—6—2(a)(3); Ala.Code 1975; and first-degree kidnapping, see § 13A-6-43, Ala.Code 1975. He was, however, convicted of felony-murder and second-degree kidnapping, see § 13A-6-44, Ala.Code 1975.
I.
On appeal, Washington argues that the circuit court erroneously adjudicated him guilty of both felony murder and second-degree kidnapping. Relying on this Court’s opinion in Conway v. State, 489 So.2d 641 (Ala.Crim.App.1986), Washington argues that the jury’s verdict finding him guilty of second-degree kidnapping precludes a conviction for felony murder because a “[f]elony[-]murder conviction [cannot] be based on a verdict of [second-degree] kidnapping.” (Washington’s brief, at 16.). According to Washington, the Court’s opinion in Conway established that second-degree kidnapping cannot be the felony underlying a felony-murder conviction because second-degree kidnapping is not an enumerated felony encompassed within the felony-murder statute. § 13A-6-2, Ala.Code 1975. Thus, Washington argues, his convictions for second-degree kidnapping and felony murder are mutual *1228 ly exclusive and contrary to Alabama law. This Court disagrees.
Section 13A-6-2(a)(3), Ala.Code 1975, defines “felony murder” as follows:
“[A] person commits the crime of murder if he or she ... commits or attempts to commit arson in the first degree, burglary in the first or second degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree, sodomy in the first degree, or any other felony dearly dangerous to human life and, in the course of and in furtherance of the crime that he or she is committing or attempting to commit, or in immediate flight therefrom, he or she, or another participant if there be any, causes the death of any person.”
(Emphasis added.) In Conway, 489 So.2d at 642, this Court held that jury verdicts of not guilty of first-degree kidnapping but guilty of second-degree kidnapping and felony murder were mutually exclusive. Like Washington, Conway was charged with, among other things, first-degree kidnapping and felony murder based on that kidnapping. Id. at 641. The jury initially returned verdicts finding Conway guilty of second-degree kidnapping and felony murder. Id. The circuit court refused to accept the jury verdicts on the ground that second-degree kidnapping was not one of the felonies enumerated in the felony-murder statute; therefore, it reasoned, second-degree kidnapping could not support a felony-murder conviction. Id. at 641-42. The circuit court then instructed the jury as follows:
“ ‘Ladies and gentlemen, I am not going to accept these verdicts in this case. The defendant cannot be guilty of murder unless he is also guilty of kidnapping in the first degree. You found him guilty of kidnapping in the second degree. The only way he could be guilty of [felony] murder is if he’s guilty of kidnapping in the first degree. The two verdicts you have returned are inconsistent as to Count Three and the kidnapping charge. So, I’m going to let you go back.
“‘Do you understand what I’m saying? Under the murder charge you found him guilty of [felony] murder under Count Three. Count Three requires that the death be caused in the course of kidnapping in the first degree. For him to be guilty of [felony] murder, there would have to have been kidnapping in the first degree. For you to find him guilty of kidnapping in the second degree as the other count, he would not be guilty. I will ask you to reconsider that. Either find him not guilty of murder or he would have to be found guilty of kidnapping in the first degree.’ ”
Conway, 489 So.2d at 642. After the circuit court instructed the jury, it returned new verdicts finding Conway guilty of first-degree kidnapping and felony murder. Id.
On appeal, Conway argued that the circuit court had erroneously refused to accept the jury’s initial verdicts. Id. at 641. This Court rejected Conway’s argument and held that “the jury’s verdicts of not guilty of kidnapping in the first degree and guilty of felony-murder were mutually exclusive because, by statutory definition, felony-murder involves causing a death during the commission or attempt to commit certain specific felonies including kidnapping in the first degree.” Id. at 642 (emphasis added). In upholding the circuit court’s decision, this Court considered only those felonies specifically enumerated in the definition of felony murder. Id. This Court did not consider whether second-degree kidnapping could support a felony-murder conviction if the jury found that it was a “felony clearly dangerous to *1229 human life.” § 13A-6-2(a)(3), Ala.Code 1975.
Twenty years after Conway was decided, this Court, in Ex parte Mitchell, 936 So.2d 1094 (Ala.Crim.App.2006), first considered the breadth of the felony-clearly-dangerous-to-human-life element of felony murder when an unenumerated felony underlies that charge. This Court recognized that in 1977 the legislature “increased the number of felonies that could serve as the basis for felony murder and added the additional proviso to § 13A-6-2(a)(3): ‘or any other felony clearly dangerous to human life....’” Id. at 1101. This Court adopted a “fact-based approach” to determine if a felony is “clearly dangerous to human life.” Id. Under that approach, “ ‘the trier of fact [is] to consider the facts and circumstances of the particular case to determine if such felony was inherently dangerous in the manner and the circumstances in which it was committed Ex parte Mitchell, 936 So.2d 1094, 1101 (Ala.Crim.App.2006) (quoting State v. Stewart, 663 A.2d 912, 919 (R.I.1995)).
Under this Court’s decision in Mitchell, 936 So.2d at 1101, a person commits felony murder under § 13A-6-2(a)(3), Ala.Code 1975, if that person or another participant in the crime causes the death of any person during the commission of an enumerated felony or during the commission of an unenumerated “felony [that was committed in a manner that was] clearly dangerous to human life.” § 13A-6-2(a)(3), Ala.Code 1975. The fact that a felony is not enumerated in § 13A-6-2(a)(3), Ala.Code 1975, does not preclude its use to support a felony-murder conviction, provided the finder of fact determines that the underlying felony was “clearly dangerous to human life.” See Mitchell, 936 So.2d at 1101. Consequently, second-degree kidnapping may form the basis for a felony-murder conviction if the jury finds that “ ‘the manner ... in which it was committed’ ” was “ ‘inherently dangerous ....’” Mitchell, 936 So.2d at 1101 (quoting Stewart, 663 A.2d at 919).
Similarly, verdicts convicting a defendant of second-degree kidnapping and felony murder are not mutually exclusive. Regarding mutually exclusive verdicts, the Alabama Supreme Court has explained:
“Mutually exclusive verdicts are the result of two positive findings of fact that cannot logically coexist. In other words, it is legally impossible for the State to prove the elements of both crimes. In order to determine whether the guilty verdicts are mutually exclusive as a matter of law, the alleged underlying offenses or acts must be carefully scrutinized. The two guilty verdicts are not mutually exclusive if no element of one crime necessarily negates an element of the other.”
Heard v. State, 999 So.2d 992, 1004-05 (Ala.2007).
The relevant portion of § 13A-6-2(a)(3), Ala.Code 1975, defines “felony murder” as follows:
“[A] person commits the crime of murder if he or she ... commits or attempts to commit ... any ... felony clearly dangerous to human life and, in the course of and in furtherance of the crime that he or she is committing or attempting to commit, or in immediate flight therefrom, he or she, or another participant if there be any, causes the death of any person.”
Thus, Washington’s felony-murder conviction required proof that he or an accomplice caused the death of another person during the course of any felony that was clearly dangerous to human life. Section 13A-6-44(a), Ala.Code 1975, defines second-degree kidnapping, a class B felony, as the abduction of another person. “Ab *1230 duct” is defined-as “[t]o restrain a person with intent to prevent his liberation by either ... [s]ecreting or holding him in a place where he is not likely to be found, or ... [u]sing or threatening to use deadly physical force.” § 13A-6-40(2), Ala.Code 1975. Neither the lack of a death nor the lack of dangerousness is an element of second-degree kidnapping; therefore, “no element of [felony-murder] necessarily negates an element of the [second-degree kidnapping].” Heard, 999 So.2d at 1004-05. Likewise, a felony abduction does not negate an element of felony murder; therefore, “no element of [second-degree kidnapping] necessarily negates an element of [felony murder].” Id. Consequently, verdicts convicting an individual of both second-degree kidnapping and felony murder are not mutually exclusive.
Here, Washington was convicted of both second-degree kidnapping and felony murder. The jury was specifically instructed that, to convict Washington of felony murder based on second-degree kidnapping, it had to find beyond a reasonable doubt that the manner in which the second-degree kidnapping was committed was clearly dangerous to human life. (R. 653.) Therefore, Washington’s conviction for second-degree kidnapping did not preclude a conviction for felony'murder, and the two convictions were not mutually exclusive. To the extent that this Court’s decision in Conway, 489 So.2d at 642, would hold otherwise, it is overruled.
Because Washington’s two convictions are not contrary to Alabama law or mutually exclusive, his argument is without merit. Therefore, this issue does not entitle him to any relief.
II.
The State concedes that Washington’s convictions for felony, murder and second-degree kidnapping violate double-jeopardy principles because the same kidnapping formed the basis for both convictions. This Court agrees.
It is well settled that an individual may not, consistent with the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States, be convicted of felony murder and of the felony underlying the felony-murder conviction. See Jones v. State, 992 So.2d 76, 76 (Ala.Crim.App.2007) (holding that when the same burglary forms the basis for a felony-murder conviction and a burglary conviction, “convictions for both felony-murder and first-degree burglary violate double jeopardy principles”); Harris v. State, 854 So.2d 145, 152 (Ala.Crim.App.2002); Brooks v. State, 952 So.2d 1180, 1184 (Ala.Crim.App.2006). In such cases, a double-jeopardy violation occurs because the felony underlying the felony-murder conviction is a lesser-included offense of felony murder. See Brooks, 952 So.2d at 1184. It is also well settled that this type of “ ‘transgression ... implicates the trial court’s jurisdiction to render a judgment.’ ” Harris, 854 So.2d at 152 (quoting Borden v. State, 711 So.2d 498, 503 (Ala.Crim.App.1997), citing in turn Rolling v. State, 673 So.2d 812 (Ala.Crim.App.1995)).
Here, Washington was convicted of felony murder during a second-degree kidnapping and of second-degree kidnapping based on the same conduct. “Because the same [kidnapping] formed the basis for the felony-murder conviction and for the [second-degree-kidnapping] conviction, [Washington’s] convictions for both violated the principles of double jeopardy.” Harris, 854 So.2d at 152. Accordingly, the circuit court lacked jurisdiction to adjudicate Washington guilty of second-degree kidnapping. Therefore, this case must be remanded for the circuit court to vacate Washington’s conviction and sentence for second-degree kidnapping.
*1231 Based on the foregoing, Washington’s conviction and sentence for felony murder are affirmed. However, Washington’s see-ond-degree-kidnapping conviction is reversed and the cause is remanded with instructions for the circuit court to vacate that conviction and the corresponding sentence.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.